EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| | |
|---|---|
| Servicios Legales de Puerto Rico, Inc.; Ivette Yolanda Rivera Pacheco<br><br>Peticionarios<br><br>V.<br><br>Hon. Vanessa López Ortiz, Registradora de la Propiedad Sección de San Juan V<br><br>Recurrida | Certiorari<br><br>2023 TSPR 18<br><br>211 DPR ___ |

Número del Caso: RG-2020-0006
cons. con RG-2020-7 Y RG-2020-8


Fecha: 22 de febrero de 2023


Abogados de la parte peticionaria:

    Lcdo. Alejandro E. Figueroa Quevedo
    Lcda. Luiselle Quiñones Maldonado
    Lcdo. Rubén Soto Rodríguez


 Abogada de la parte recurrida:

    Por derecho propio


Abogados del *Amicus Curiae:*

    Lcdo. Rafael E. Rodríguez Rivera
    Lcda. Verónica González Rodríguez
    Lcdo. Luis José Torres Asencio
    Lcda. Annette Martínez Orabona


Materia: Derecho Registral Inmobiliario: No se requiere la presentación física ante el Registro de la Propiedad de una copia certificada original del documento objeto del recurso cuando este último se presentó de forma personal. Exención del pago de aranceles de presentación e inscripción al Registro de la Propiedad a clientes de Servicios Legales de Puerto Rico, Inc.


Este documento está sujeto a los cambios y correcciones del proceso de compilación y publicación oficial de las decisiones del Tribunal Supremo. Su distribución electrónica se hace como un servicio público a la comunidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

Servicios Legales de Puerto
Rico, Inc.; Ivette Yolanda
Rivera Pacheco

    Peticionarios

        v.

Hon. Vanessa López Ortiz,
Registradora de la Propiedad
Sección de San Juan V

    Recurrida

| | | |
|---|---|---|
| RG-2020-6 | Recurso |
| Cons. con | Gubernativo |
| RG-2020-7 y | |
| RG-2020-8 | |

Opinión del Tribunal emitida por el Juez Asociado señor Kolthoff Caraballo

En San Juan, Puerto Rico, a 22 de febrero de 2023.

Como cuestión de umbral, debemos resolver si los recursos gubernativos que tenemos ante nuestra consideración se perfeccionaron conforme a derecho. Concluimos que sí.

Superado ese escollo, en esta ocasión tenemos la oportunidad de resolver si un cliente de Servicios Legales de Puerto Rico, Inc. viene obligado a pagar aranceles de presentación e inscripción al Registro de la Propiedad cuando pretende inscribir y obtener tracto registral de un inmueble que representa su hogar principal. Contestamos la interrogante en la negativa.

I

Este caso se originó cuando Servicios Legales de Puerto Rico, Inc. (Servicios Legales) entrevistó y cualificó a la Sra. Ivette Rivera Pacheco como persona indigente, requisito esencial para poder beneficiarse de la asistencia que brinda la entidad. Así, Servicios Legales refirió a la señora Rivera Pacheco para ser atendida por el Lcdo. Rubén Soto Rodríguez, quien forma parte del Panel de Abogados de Práctica Compensada de Servicios Legales.[1] En particular, surgió de la entrevista que la señora Rivera Pacheco es una persona discapacitada, postrada en silla de ruedas y que siempre vivió con sus padres hasta el fallecimiento de ambos. Además, debido a lo anterior, sus hermanas le cedieron las respectivas participaciones del inmueble que constituía el hogar principal de sus padres. Por ello, la señora Rivera Pacheco y el licenciado Soto Rodríguez otorgaron un contrato de servicios titulado *Tenencia De Hogar/Bienes Raíces (no ejecución)*.[2]

---

[1] Destacamos que los abogados adscritos al Panel de Abogados de Práctica Privada Compensada cobran honorarios módicos por los servicios que ofrecen, los cuales son pagados por Servicios Legales.

[2] Contrato, Apéndice del *Recurso Gubernativo* (RG-2020-6), pág. 39. Resaltamos que, junto al Contrato, en la *Certificación de agencias y/o foro judicial* expedida por el Programa de Práctica Compensada de Servicios Legales surge el referido del caso de la Sra. Ivette Y. Rivera Pacheco al Lcdo. Rubén Soto Rodríguez. Además, se desprende un párrafo que lee como sigue:

> En virtud de la Ley 122, de 9 de junio de 1967, según enmendada (32 LPRA § 1500), este abogado, en beneficio de la cliente antes mencionada, estará exento del pago de toda clase de derechos, aranceles, contribuciones o impuestos de cualquier naturaleza dispuestos por las leyes vigentes para la tramitación de procedimientos judiciales y la expedición de certificaciones en los Centros de Gobierno Estatal, incluyéndose el sello forense y los impuestos notariales. *Certificación de*

Así las cosas, el licenciado Soto Rodríguez tenía la tarea de protocolizar unos poderes para que las hermanas de la señora Rivera Pacheco pudieran comparecer mediante apoderado a la otorgación de la escritura de adjudicación de bienes hereditarios y donación de participación y, posterior a ello, otorgar la escritura. Además, debía originar las dos instancias registrales sobre declaratoria de herederos.

Luego de varios trámites, la señora Rivera Pacheco presentó personalmente en el Registro de la Propiedad, Sección de San Juan V, las instancias registrales de las resoluciones sobre declaratoria de herederos emitidas por el Tribunal de Primera Instancia y la *Escritura Núm. 16 sobre Adjudicación de bienes hereditarios y donación*. En específico, las instancias contenían una cláusula indicativa de que estas estaban exentas de impuestos notariales, en virtud del acuerdo entre la señora Rivera Pacheco y Servicios Legales y de la Ley Núm. 122 de 9 de junio de 1967.[3]

No obstante, el 1 de octubre de 2019, la Registradora de la Propiedad, Hon. Vanessa López Ortiz, notificó al licenciado Soto Rodríguez faltas sobre aranceles para cada

---

*agencias y/o foro judicial,* Apéndice del *Recurso Gubernativo* (RG-2020-6), pág. 40.

[3] Instancia, Apéndice del *Recurso Gubernativo* (RG-2020-6), pág. 21; Instancia, Apéndice del *Recurso Gubernativo* (RG-2020-7), pág. 22. Nótese, además, que los recibos de la presentación de las instancias indican que la naturaleza de los documentos es judicial. Recibo, Apéndice del *Recurso Gubernativo* (RG-2020-6), pág. 19 y Recibo, Apéndice del *Recurso Gubernativo* (RG-2020-7), pág. 20.

uno de los documentos presentados. En específico, notificó la misma falta para las dos resoluciones sobre declaratoria de herederos y para la *Escritura Núm. 16 sobre Adjudicación de bienes hereditarios y donación*, a saber:

> Deberá pagar $190 en aranceles de inscripción, $15.00 de presentación y $.50 del Código Político. La exención concedida no aplica a aranceles del Registro de la Propiedad provisto por la Ley 209-2015. Solamente aplican para procesos judiciales y la Ley Notarial.[4]

En particular, el Registro de la Propiedad señaló que si no se corregían los asientos el documento no tendrá tracto.[5]

En desacuerdo, Servicios Legales y la señora Rivera Pacheco (en conjunto, los peticionarios) presentaron los escritos de recalificación correspondientes para cada una de las faltas notificadas. En resumen, los peticionarios argumentaron que la intención de la Ley Núm. 122, 32 LPRA sec. 1500, es clara en cuanto a que se exima a Servicios Legales y a sus clientes del pago de toda clase de derechos, sellos, aranceles, impuestos y comprobantes que sean requeridos como parte del trabajo que lleva acabo la entidad en beneficio de sus clientes. Esto, con la finalidad de que las personas indigentes tengan acceso a las instituciones, tribunales y agencias, sin que la falta de recursos sea

---

[4] *Carta de notificación*, Apéndice del *Recurso Gubernativo* RG-2020-6, pág. 18; *Carta de notificación*, Apéndice del *Recurso Gubernativo* RG-2020-7, pág. 18 y *Carta de notificación*, Apéndice del *Recurso Gubernativo* RG-2020-8, pág. 18.

[5] Esta advertencia fue notificada específicamente en el documento de Resolución sobre declaratoria de herederos del padre de la Sra. Ivette Rivera Pacheco y en la *Escritura Núm. 16 sobre Adjudicación de bienes hereditarios y donación*.

impedimento para ello. Añadieron que la intención legislativa no tiene como propósito imponer cargas económicas a los clientes indigentes de Servicios Legales, pues de lo contrario, se les estaría imponiendo las disposiciones de la Ley de Aranceles.

Sostuvieron, además, que la única forma en que la señora Rivera Pacheco podía lograr tracto registral era a través de la inscripción de su derecho en el Registro de la Propiedad. En consecuencia, arguyeron que la denegatoria de inscripción provoca que la señora Rivera Pacheco no pueda concretar el proceso judicial que inició con la declaratoria de herederos y que culminaría con la inscripción de las instancias y de la *Escritura Núm. 16 de Adjudicación de bienes hereditarios y donación*. Por último, explicaron que no existía ningún fin lucrativo con esta gestión, toda vez que Servicios Legales está impedido de atender asuntos cuyo fin sea generar ganancia económica.[6]

Expirado el término de 60 días para notificar, la Registradora no denegó las inscripciones ni anotó en los asientos la revocación de su calificación original. Por ello, los peticionarios presentaron ante este Tribunal tres recursos gubernativos, pero procedimos a desestimarlos por prematuros.[7] Posteriormente, la Registradora de la

---

[6] *Escrito de Recalificación*, Apéndice del *Recurso Gubernativo* (RG-2020-6), págs.7-17; *Escrito de Recalificación*, Apéndice del *Recurso Gubernativo* (RG-2020-7), págs.7-17 y *Escrito de Recalificación*, Apéndice del *Recurso Gubernativo* (RG-2020-8), págs.7-17.

[7] Estos son: RG-2020-1, RG-2020-2 y RG-2020-3.

Propiedad denegó los escritos de recalificación bajo los mismos fundamentos esbozados en la falta.[8]

Inconformes, los peticionarios acuden ante este Foro mediante los recursos gubernativos RG-2020-6, RG-2020-7 y RG-2020-8.[9] En estos recursos, los peticionarios objetan la determinación de la Registradora de la Propiedad en la que concluyó que Servicios Legales no estaba exenta del pago de derechos del Registro de la Propiedad y que la exención de la Ley Núm. 122, *supra*, no aplicaba a los procesos registrales.

En respuesta, la Registradora de la Propiedad presentó una moción en la que solicitó la desestimación de los recursos gubernativos. Ello, tras alegar que los peticionarios no perfeccionaron los recursos gubernativos porque incumplieron con el Art. 245 y la Regla 245.1 de la

---

[8] Con el único fin de que los recursos gubernativos se perfeccionaran y sin consentir a la calificación de la Registradora de la Propiedad, los peticionarios presentaron los aranceles. Esto, de conformidad con el Art. 5 de la Ley Núm. 91 de 30 de agosto de 1970, conocida como la *Ley del Arancel de los Derechos que se han de Pagar por las Operaciones en el Registro de la Propiedad,* 30 LPRA sec. 1767(d), a saber:

> No se aceptará para presentación en el Registro de la Propiedad de Puerto Rico ningún documento al cual no se acompañe los correspondientes comprobantes de pago del total de los derechos devengados por las secs. 1767a a 1767e de este título, debiendo el registrador poner constancia escrita de ello al pie del documento, si así lo solicitare el interesado. De la actuación del registrador podrá recurrirse al Tribunal Supremo de Puerto Rico mediante la radicación del correspondiente recurso gubernativo; Disponiéndose, que si el interesado deseare acogerse a la protección de sus derechos registrales deberá radicar el pago total de los derechos exigidos por el registrador de la propiedad antes de perfeccionarse el recurso gubernativo.

[9] Por tratarse de la misma controversia, el 30 de octubre de 2020, emitimos un Resolución en la que consolidamos los recursos gubernativos que nos ocupan.

Ley Núm. 210-2015. En particular, alegó que no cumplieron con el requisito de entregar en el Registro de la Propiedad la copia certificada de los documentos objeto de los recursos gubernativos al mismo tiempo que presentaron y notificaron los recursos gubernativos. Por su parte, los peticionarios se opusieron a la desestimación y alegaron que presentaron las copias certificadas dentro del término estatuido en las disposiciones y que, además, desde el 26 de abril de 2016, la Registradora de la Propiedad tenía dichas copias certificadas cuando estas fueron presentadas de forma presencial ante el Registro de la Propiedad para la correspondiente calificación y posterior entrada al Registro de la Propiedad. Añadieron que el acto de aceptar los documentos sin los aranceles se podría tomar como una aceptación del Registro de la Propiedad de que los peticionarios están exentos del pago.

Presentados los recursos gubernativos, la Registradora de la Propiedad compareció mediante una *Moción en cumplimiento Art. 245 y Regla 27(i) del Tribunal Supremo de Puerto Rico.* En específico, anejó los siguientes documentos: (1) copia certificada de los documentos calificados, (2) copia de la imagen de los documentos recibidos en el registro en papel regular, (3) las notificaciones de defectos, y (4) las solicitudes de recalificación. Ahora bien, la Registradora de la Propiedad advirtió que las copias certificadas fueron entregadas el 12 de agosto del 2020.

Así las cosas, las partes presentaron sus alegatos. En particular, los peticionarios reiteran que están exentos del pago de aranceles, toda vez que la Ley Núm. 122, *supra*, les cobija. Añaden, que no hay consenso entre los Registradores de la Propiedad porque, tanto antes como después de las denegatorias de inscripción que nos ocupan, han recibido notificaciones de calificación, inscripción y exención de aranceles al amparo de la Ley Núm. 122, *supra*. Por su parte, la Registradora de la Propiedad plantea que los recursos gubernativos no se perfeccionaron debido a que los peticionarios no presentaron la copia certificada de los documentos objeto de los recursos gubernativos de forma simultánea. En cuanto a los méritos, la Registradora de la Propiedad reitera que los clientes de Servicios Legales no están exentos del pago de derechos en el Registro de la Propiedad y que la exención estatuida en la Ley Núm. 122, *supra*, aplica a procedimientos judiciales y no a los registrales.

Por otro lado, comparece la Oficina Legal de la Comunidad, Inc. y la Clínica de Asistencia Legal de la Facultad de Derecho de la Universidad Interamericana de Puerto Rico como amigos de la corte.[10] En particular, nos informan que realizan funciones similares a las de Servicios Legales y, al igual que esta última, brindan apoyo legal a

---

[10] El 27 de mayo de 2021 emitimos una Resolución, mediante la cual permitimos que la Oficina Legal de la Comunidad, Inc. y la Clínica de Asistencia Legal de la Facultad de Derecho de la Universidad Interamericana de Puerto Rico comparecieran en calidad de amigos de la corte.

personas indigentes para que puedan regularizar la tenencia de sus propiedades y acceder al Registro de la Propiedad.

Por eso, al igual que los peticionarios, argumentan que la exención les cobija. Para sustentar lo anterior, argumentan que el Registro de la Propiedad ha autorizado la inscripción de documentos presentados sin el pago de aranceles registrales.

De otra parte, nos informan que, a raíz del paso de los huracanes Irma y María y de la actividad sísmica, han brindado servicios legales para que las personas afectadas puedan regularizar la tenencia de sus propiedades y acceder al Registro de la Propiedad. Lo anterior, tiene el propósito de facilitar el acceso a miles de personas para recibir ayudas dirigidas a la reconstrucción de sus viviendas. Argumentan, además, que la posibilidad de tener un techo seguro puede depender de la inscripción de su derecho.[11]

Finalmente, sostienen que los instrumentos notariales que se autorizan en este tipo de entidades son limitadas e íntimamente relacionadas a las prioridades de la organización y las necesidades fundamentales de la clientela, incluidas sus relaciones familiares y la seguridad en la tenencia de su residencia principal.

---

[11] De otra parte, sostienen que la denegatoria de le exención incide sobre la cláusula que prohíbe el discrimen por origen o condición social. Lo anterior, porque al impedir el acceso al registro el Estado estaría imponiendo barreras a personas de escasos recursos.

Trabada la controversia, y con el beneficio de la comparecencia de ambas partes, procedemos a resolver, no sin antes exponer el derecho aplicable.

II

A. El Recurso Gubernativo

Al amparo del Art. 3.002(h) de la Ley de la Judicatura, 4 LPRA sec. 24s, y la Regla 27 del Reglamento del Tribunal Supremo, 4 LPRA Ap. XXI-B, este Foro tiene jurisdicción para atender los recursos gubernativos que buscan revisar la calificación final del Registrador de la Propiedad ante la denegatoria de una solicitud de asiento.[12] Sobre los requisitos del recurso gubernativo, nótese que los cuerpos normativos antes citados nos remiten a la derogada Ley Hipotecaria y del Registro de la Propiedad.[13] Sin embargo, como esta ley fue derogada y sustituida por la actual Ley Núm. 210-2015, conocida como la *Ley del Registro de la Propiedad Inmobiliaria de Puerto Rico* (nueva Ley Hipotecaria), 30 LPRA sec. 6001 *et seq.,* los requisitos estatutarios para presentar un recurso gubernativo se encuentran en la nueva Ley Hipotecaria y su Reglamento.

En específico, el Art. 245 de la Ley Núm. 210-2015 establece los requisitos para presentar un recurso gubernativo, a saber:

> El notario, funcionario autorizado o el interesado, podrá radicar recurso gubernativo

---

[12] Firstbank Puerto Rico v. Registradora de la Propiedad, 208 DPR 64, págs. 77-78 (2021); Oriental Bank v. Registrador de la Propiedad, 2022 TSPR 61, 209 DPR ___ (2022).

[13] 30 LPRA sec. 2001, *et seq*. (derogada).

ante el Tribunal Supremo de Puerto Rico dentro del término improrrogable de veinte (20) días a partir de la notificación de la denegatoria, y simultáneamente notificará al Registrador con copia del escrito. Si el recurso es radicado por el notario o funcionario autorizado, lo hará por la vía electrónica del sistema de informática registral. Dentro de este mismo término, el notario o funcionario autorizado que radique el recurso está obligado a entregar la copia certificada del documento que fue presentado, en su caso, por la vía electrónica y que es objeto del recurso. De no cumplirse con este requisito, se entenderá que el notario o funcionario autorizado ha desistido y acepta como final la denegatoria de inscripción que le fue notificada.[14]

A su vez, la Regla 245.1 del Reglamento General para la Ejecución de la Ley del Registro de la Propiedad Inmobiliaria de Puerto Rico ("Reglamento Núm. 8814")[15] expone lo siguiente:

Toda notificación y envío de la copia del recurso gubernativo se hará por medio de la vía electrónica del sistema de informática registral como documento complementario del documento notificado. La copia del recurso gubernativo deberá contener el sello de radicación del Tribunal Supremo de Puerto Rico. [...].

El recurso gubernativo y el aviso al Registrador tendrán que ser recibidos en el Registro en o antes de las 12:00 de la medianoche del último día del término correspondiente. El Registro no recibirá copia de recursos gubernativos personalmente, excepto la copia certificada original del documento que fue presentado digitalmente de conformidad con lo establecido en el Artículo 245 de la Ley, la que se entregará en la sección del Registro correspondiente.[16]

---

[14] Art. 245 de la Ley Núm. 210-215, 30 LPRA sec. 6405.

[15] Registro de la Propiedad Inmobiliaria, Reglamento General para la Ejecución de la Ley del Registro de la Propiedad Inmobiliaria, Núm. 8814 (31 de agosto de 2016), págs. 58-59.

[16] Íd.

De los estatutos se colige que para que se perfeccione un recurso gubernativo el notario deberá hacer lo siguiente: (1) presentar el recurso gubernativo personalmente en copia física y dentro del término improrrogable de 20 días a partir de la notificación de la denegatoria, (2) enviar por medio del sistema de informática registral (*Karibe*) al Registrador copia digitalizada del recurso presentado en el Tribunal Supremo y (3) entregar al Registrador correspondiente la copia certificada original del documento que fue presentado digitalmente para ser calificado.

No obstante, recientemente en <u>Firstbank Puerto Rico v. Registradora de la Propiedad</u>, *supra*, interpretamos el alcance del tercer requisito, es decir, la entrega al Registrador de la copia certificada original del documento objeto de la presentación del recurso gubernativo.[17] En específico, establecimos que este requisito "aplica únicamente cuando la escritura es presentada al Registro de la Propiedad mediante el sistema telemático *Karibe* para ser calificada".[18] Sin embargo, concluimos que "este requisito es obsoleto por la duplicidad innecesaria que representa y

---

[17] Cuando ocurrieron los hechos ante nuestra consideración no se había resuelto <u>Firstbank Puerto Rico v. Registradora de la Propiedad</u>*, supra.*

[18] <u>Firstbank Puerto Rico v. Registradora de la Propiedad</u>, *supra*, pág.78. Adviértase que el Art. 260 de la nueva Ley Hipotecaria, 30 LPRA sec. 6433(2), estatuye que la presentación telemática de documentos es permitida únicamente a los notarios o funcionarios autorizados. Así, conforme al Art. 260 de la nueva Ley Hipotecaria, *supra*, cuando el notario presenta por la vía electrónica el documento que pretende inscribir -que en sí es la copia certificada del documento que está en el protocolo-, deberá, además, someter por la vía electrónica una certificación expresando que el documento es una copia fiel y exacta de la copia certificada de dicho documento. Íd., pág.80.

es contrario a la intención legislativa de hacer los procesos registrales más eficientes a través de la digitalización y el uso de la tecnología".[19] Nótese que la duplicidad recae en que el Registrador ya cuenta con el documento certificado, pues este fue presentado al momento de solicitar la inscripción.[20]

Así, razonamos que exigir al notario la presentación de la copia certificada es redundante y contrario al propósito de la nueva Ley Hipotecaria.[21] Por consiguiente, el Registrador no puede alegar que no recibió la copia certificada del documento ni solicitar la desestimación del recurso gubernativo, toda vez que este ya contaba con el documento desde que se presentó a través del sistema *Karibe* para ser calificado y nuevamente al ser notificado del recurso gubernativo.[22]

A tenor con lo anterior, allí concluimos que no se requiere la entrega física de la copia certificada del documento objeto del recurso gubernativo cuando la misma fue presentada electrónicamente junto a su certificación adicional.

Por otro lado, el Art. 245 de la Ley Núm. 210-2015 también impone requisitos al Registrador de la Propiedad. Es decir que:

---

[19] Íd., pág. 79.

[20] Íd., pág. 84.

[21] Íd., pág. 84.

[22] Íd., págs. 84-85.

El Registrador expresará al margen de la anotación de denegatoria, el hecho de la presentación del recurso gubernativo. Dentro del plazo de cinco (5) días a partir del recibo del recurso, el Registrador presentará ante el Tribunal Supremo de Puerto Rico, el escrito de recalificación presentado por el recurrente, el cual acompañará con copias de los siguientes documentos: la copia certificada del documento calificado y presentado por la vía electrónica, copia de la imagen del documento recibida en el registro y certificada por el notario como idéntica a la copia certificada en papel regular, la notificación de defectos y cualquier otro documento que estime pertinente. El Registrador someterá su escrito al Tribunal Supremo de Puerto Rico contestando las alegaciones del recurrente, en un plazo no mayor de veinte (20) días, contado a partir del recibo del recurso.[23]

A su vez, la Regla 245.2 del Reglamento Núm. 8814, *supra*, sobre el requisito de envío de documentos por el Registrador de la Propiedad al Tribunal Supremo dispone lo siguiente:

El Registrador imprimirá las imágenes de los documentos señalados en el Artículo 245 de la Ley, incluyendo la denegatoria de inscripción, y las certificará como copias fieles y exactas de las contenidas en el sistema de informática registral. Una vez certificadas las presentará ante el Tribunal Supremo de Puerto Rico dentro del término establecido en la Ley, unidas al original de la copia certificada remitida por el notario, funcionario autorizado o el interesado. Esta presentación se hará personalmente, correo certificado con acuse de recibo, o cualquier otro medio que esté permitido por Ley o Reglamento.

Estas disposiciones también fueron analizadas en Firstbank Puerto Rico v. Registradora de la Propiedad, *supra*. Allí, dijimos que el Registrador podrá cumplir con

---

[23] Art. 245 de la Ley Núm. 210-215, *supra*.

la Regla 245.2 del Reglamento al presentar ante el Tribunal Supremo una copia del documento que le fue presentado telemáticamente para ser calificado.[24]

Es evidente que, la presentación de documentos al Registro de la Propiedad puede ser de forma presencial o digital.[25] En particular, sobre la presentación presencial, la Regla 259.1 del Reglamento, *supra*, explica que "consiste en la entrega física de la copia certificada de la escritura o del documento al empleado del Registro, con el propósito de solicitar su inscripción". Añade que, el documento y sus complementarios serán digitalizados y que una vez se complete el proceso de presentación le serán devueltos los documentos al presentante.

Asimismo, el Art. 260 de la nueva Ley Hipotecaria, 30 LPRA sec. 6433, establece quienes pueden presentar documentos en el Registro de la Propiedad. Específicamente, la Ley dispone lo siguiente:

> 1. Están legitimados para presentar documentos en el Registro, las personas que se mencionan a continuación:
>
>    a. La persona que adquiere el derecho o lo transmita o que tenga interés en su inscripción.
>    b. El notario que autoriza el documento o el representante o mandatario de alguna de las partes en el negocio jurídico.
>    c. La persona que haya sido contratada para hacer la presentación de un documento.
>
> 2. La presentación telemática solamente podrá hacerse por un notario o funcionario

---

[24] Firstbank Puerto Rico v. Registradora de la Propiedad, *supra*, págs.86-87; Oriental Bank v. Registrador de la Propiedad, *supra*.

[25] Arts. 258 y 259 de la nueva Ley Hipotecaria, 30 LPRA sec. 6431 y 6432, respectivamente.

autorizado. En estos casos, deberá acompañar además una certificación la cual expresará lo siguiente: "Certifico: Que la copia certificada de la escritura/documento (número/tipo documento) autorizada por (nombre del notario/funcionario) en (fecha) y que en formato PDF estoy presentando al Registro de la Propiedad, es una copia fiel y exacta de la copia certificada de dicha escritura/documento. En (lugar y fecha), (firmado, signado, sellado y rubricado por el notario)".

B. <u>Servicios Legales de Puerto Rico, Inc.</u>

Servicios Legales es una corporación privada sin fines de lucro creada en el 1966. Esta fue la primera oficina en otorgar representación legal gratuita a las personas de escasos recursos en Puerto Rico. Para el 1974 el Congreso de los Estados Unidos creó la "Legal Services Corporation", entidad que otorga subvenciones a los programas dedicados a los servicios legales civiles. Así, Servicios Legales recibe fondos federales para poder brindar asesoramiento, representación legal y notarial gratuita a las personas de escasos recursos.[26]

En particular, para que un cliente pueda recibir servicios de forma gratuita, debe ser cualificado. Tras operar bajo la Oficina de Oportunidades Económicas, seguir sus directrices y luego de un proceso de avalúo, la Junta de Directores de Servicios Legales aprobó las normas de elegibilidad.[27] La evaluación de las cualificaciones del cliente para recibir la asistencia legal gratuita le compete

---

[26] Servicios Legales de Puerto Rico, servicioslegales.org (última visita, 30 de noviembre de 2022).

[27] <u>Feliciano v. Tribunal Superior</u>, 99 DPR 504, 506-508 (1970).

de manera exclusiva a Servicios Legales.[28] Nótese que la cualificación sirve para garantizar que las personas indigentes sean quienes reciban la ayuda.

Una vez el cliente es cualificado, podrá recibir la ayuda legal. Así, Servicios Legales podrá ejercer su función la cual se ajusta a "servir a las personas indigentes de nuestro pueblo, sin ninguna finalidad pecuniaria, y en particular, rendir el mayor esfuerzo posible, proveyendo servicios legales, sociales y judiciales a estas personas".[29]

C. Los aranceles

El arancel es una tarifa oficial que fija los derechos que se han de pagar en varios sectores, como el de costas judiciales, notariales, aduana, vehículos de motor, pasaportes, etc.[30]

La Ley Núm. 91 de 30 de agosto de 1970, conocida como la *Ley del Arancel de los Derechos que se han de Pagar por las Operaciones en el Registro de la Propiedad,* 30 LPRA 1767a *et seq.* (Ley de aranceles del Registro de la Propiedad) estatuye sobre el arancel de los derechos a pagar por las operaciones en el Registro de la Propiedad. En particular, el Art. 5 de la Ley de aranceles del Registro de la Propiedad, 30 LPRA sec. 1767d, dispone que no se

---

[28] Íd, pág. 509.

[29] Exposición de Motivos de la Ley 122 de 9 de junio de 1967.

[30] I. Rivera García, *Diccionario de términos jurídicos*, 2da ed., San Juan, Ed. LexisNexis, 1985, pág. 18.

aceptará para la presentación en el Registro de la Propiedad ningún documento que no acompañe los comprobantes correspondientes de pago del total de los derechos devengados.

No obstante, la Ley Núm. 122 de junio 1967, conocida como la *Ley para eximir de toda clase de aranceles a la Corporación de Servicios Legales de Puerto Rico y otras entidades análogas*, 32 LPRA secs. 1500 *et seq*., exime a Servicios Legales de toda clase de derechos, aranceles, contribuciones o impuestos de cualquier naturaleza en la tramitación de procedimientos judiciales y en la expedición de certificaciones gubernamentales.[31] Nótese que la Ley Núm. 122, supra, se creó por la imperiosa necesidad de brindarle a los indigentes toda la ayuda legal posible para que tengan plena conciencia de sus derechos.[32]

Así, el Art. 1 de la Ley Núm. 122, 32 LPRA sec. 1500, dispone lo siguiente:

> La Corporación de Servicios Legales de Puerto Rico, el Centro Legal de Ayuda a Menores del Distrito de Mayagüez, Inc., la Corporación de Servicios Legales de San Juan y toda aquella otra entidad u organización municipal sin fines de lucro cuyas funciones y propósitos sean similares a los de dichas Corporaciones estarán exentas, en todo lo que fuere pertinente al desempeño de sus funciones y logros de sus objetivos o cuando sea necesario para el trámite de los casos o asuntos en que estuvieren interviniendo a beneficio de las personas a quienes están prestando servicios legales gratuitos, del pago de toda clase de derechos, aranceles, contribuciones o impuestos de cualquier naturaleza dispuestos por las leyes vigentes para la tramitación de procedimientos

---

[31] Exposición de Motivos de la Ley Núm. 122 de 9 de junio de 1967; Art.1 de la Ley Núm. 122 de 9 de junio de 1967, 32 LPRA sec. 1500.

[32] Exposición de Motivos de la Ley Núm. 122 de 9 de junio de 1967.

> judiciales y la expedición de certificaciones en los centros del Gobierno Estatal, incluyéndose el sello forense y los impuestos notariales.
>
> El Secretario de Justicia llevará constancia de todas las organizaciones o entidades que se acojan al beneficio de esta sección y, a tales efectos, deberá autorizar y certificar previamente a éstas, con excepción de la Corporación de Servicios Legales de Puerto Rico, el Centro Legal de Ayuda a Menores del Distrito de Mayagüez, Inc. y la Corporación de Servicios Legales de San Juan.
>
> Se faculta al Secretario de Justicia a que adopte las reglas que estime necesarias para el fiel cumplimiento de lo aquí dispuesto.

Sobre los estatutos contributivos, este Foro ha establecido que no se interpretarán de forma extensiva, sino de forma justa y conforme a sus propios y expresos términos.[33] Esta regla de interpretación estricta debe estar en armonía con el principio de que las leyes contributivas deben interpretarse de manera razonable y tendiente a lograr el propósito y la intención del legislador.[34] Sin embargo, cuando el propósito de la imposición de la contribución no es claro, "la duda se debe resolver a favor de su no imposición".[35]

En cuanto a las exenciones contributivas, estas se deben interpretar restrictivamente, entiéndase, a favor de la inexistencia de la exención.[36] Ello es así toda vez que son concesiones legislativas para desviarse de la norma

---

[33] Yiyi Motors, Inc. v. ELA, 177 DPR 230, 250 (2009).

[34] Íd.

[35] Íd., págs. 250-251.

[36] Cooperativa de Ahorro y Crédito San Blas de Illescas v. Purcell Soler, 201 DPR 544, 558 (2018).

tributaria general.[37] No obstante, deben interpretarse de manera que no frustre la intención legislativa.[38]

Específicamente, sobre las leyes que condicionan el ejercicio de los derechos, este Tribunal ha interpretado que los requisitos de pago no aplican a las personas indigentes, como los clientes de Servicios Legales y los amigos de la corte. A modo de ejemplo, en Molina v. Cruz, 114 DPR 295 (1983) eximimos a los indigentes de la prestación de *fianza de no residente* estatuida en la antigua Regla 69.5 de las de Procedimiento Civil, 32 LPRA Ap. III. Esto, pese a que la propia Regla no contemplaba a los indigentes como uno de los escenarios en donde no se exigiría la fianza. Utilizando este mismo racional, en Bucaré Management v. Arriaga García, 125 DPR 153 (1990), concluimos que el requisito del pago de fianza en apelación en los casos de desahucio no aplicaba a los indigentes.

Asimismo, en Vega v. Luna Torres, 126 DPR 370 (1990), interpretamos la Regla 44 de las de Procedimiento Civil, 32 LPRA Ap. V, y resolvimos que a pesar de que los clientes indigentes de los programas de asistencia legal no pagan honorarios de abogado por los servicios que reciben, estas entidades tienen derecho a recibir dicha compensación sobre honorarios por temeridad. Es decir, concluimos que "a los programas de asistencia legal a indigentes no le es aplicable la norma general de que los honorarios por

---

[37] Íd.

[38] Íd.

temeridad pertenecen al cliente".[39] Así, razonamos que, de lo contrario, "estaríamos propiciando la dilapidación de los escasos recursos económicos y de personal con que cuentan los grupos e instituciones que prestan servicios legales a los indigentes".[40]

III

Como cuestión de umbral, debemos evaluar un asunto jurisdiccional. Es decir, tenemos que determinar si los recursos gubernativos de epígrafe se perfeccionaron conforme a derecho. Concluimos que sí. Veamos.

Surge del expediente que el notario adscrito al Panel de Servicios Legales no fue quien realizó la presentación de los documentos en el Registro de la Propiedad a través del sistema *Karibe*. Específicamente, las dos instancias de declaratoria de herederos y la *Escritura Núm. 16 sobre Adjudicación de bienes hereditarios y donación* fueron presentadas personalmente por la señora Rivera Pacheco en el Registro de la Propiedad, el 29 de abril de 2016. Esto tenía el propósito de lograr inscribir y obtener tracto del inmueble que constituye su hogar. Es entonces, cuando por primera vez la Registradora de la Propiedad recibe la copia certificada de todos estos documentos. Posteriormente, en una segunda ocasión, las recibió junto a los escritos de recalificación. Nuevamente, el 12 de agosto de 2020, la Registradora recibió estos documentos personalmente. Nótese

---

[39] Vega v. Luna Torres, *supra*, pág. 376.

[40] Íd., págs. 375-376.

que estamos bajo el escenario de una presentación presencial.

Con lo anterior en mente, al evaluar el Art. 245 de la nueva Ley Hipotecaria, *supra*, queda claro que el requisito de presentar físicamente la copia certificada del documento en cuestión era únicamente para los casos en que los notarios o funcionarios autorizados presentan a través del sistema *Karibe*.[41] A todas luces, este requisito no opera en función de una presentación presencial, porque en el momento de la presentación el Registrador de la Propiedad recibe la copia certificada físicamente y no un documento digital.

A su vez y en cuanto a lo requerido por la Regla 245.2 del Reglamento, *supra*, la Registradora de la Propiedad podía dar cumplimiento presentando copia de los documentos que obtuvo desde el día de la presentación. Es decir, desde el 29 de abril de 2016.

No podemos avalar la contención de la honorable Registradora de pretender equiparar una presentación presencial con una digital, por el mero hecho de que una vez los documentos fueron presentados personalmente el Registro de la Propiedad procedió a subirlos al sistema *Karibe*. En primer lugar, como vimos, la propia nueva Ley Hipotecaria distingue la presentación personal de la digital. Además, independientemente de que los documentos

---

[41] *Firstbank de Puerto Rico v. Registradora de la Propiedad*, *supra*, pág. 78.

fueron subidos posteriormente al sistema *Karibe*, no podemos apartarnos de la letra clara de la nueva Ley Hipotecaria ni tampoco vemos por qué apartarnos del raciocinio detrás de la norma establecida en <u>Firstbank Puerto Rico v. Registradora de la Propiedad</u>, *supra*.

Es decir, si en <u>Firstbank Puerto Rico v. Registradora de la Propiedad</u>*,* *supra,* ante una presentación digital vía sistema *Karibe* prescindimos del requisito en Ley de presentar una copia certificada de forma física en el Registro de la Propiedad para perfeccionar un recurso gubernativo, tras concluir que constituía una duplicidad y, además, porque no iba acorde con la intensión del Legislador de atemperarnos a los tiempos digitales, sería irrazonable ahora exigirle a la señora Rivera Pacheco el cumplimiento de un requisito no estatuido en Ley. De lo contrario, estaríamos también avalando la duplicidad que antes rechazamos.

Por consiguiente, para perfeccionar los recursos gubernativos, la señora Rivera Pacheco no tenía que presentar físicamente ante el Registro de la Propiedad copia certificada original de los documentos en cuestión. Dicha copia certificada estaba en el Registro desde el momento de la presentación y con esta la Registradora de la Propiedad podía cumplir con su parte. Así, concluimos que los recursos gubernativos se perfeccionaron conforme a derecho. Superado el escollo, pasemos a evaluar los méritos del caso.

Como mencionáramos, debemos resolver si un cliente de Servicios Legales está obligado a pagar aranceles de presentación e inscripción al Registro de la Propiedad para poder inscribir y obtener tracto registral del inmueble que representa su hogar principal. Concluimos que no. Veamos.

Recordemos que la señora Rivera Pacheco fue debidamente cualificada por Servicios Legales como indigente. Es decir, su insolvencia económica fue reconocida desde el inicio de las gestiones. Incluso, el licenciado Soto Rodríguez aludió desde el contrato que la exención cobijaría a su clienta y posteriormente así lo plasmó en las instancias presentadas. Sin embargo, la Registradora de la Propiedad denegó la inscripción de las dos resoluciones sobre declaratoria de herederos y la *Escritura Núm. 16 sobre Adjudicación de bienes hereditarios y donación* por falta de aranceles de presentación e inscripción. Ello, obvió el propósito legislativo de favorecer a los clientes de Servicios Legales por ser personas indigentes. Nótese que desde el título de la Ley Núm. 122 vemos indicativos de ello (*Ley para eximir de toda clase de aranceles a la Corporación de Servicios Legales de Puerto Rico y otras entidades análogas*). A su vez, de la propia Exposición de Motivos de la Ley Núm. 122 se desprende que Servicios Legales está exenta de toda clase de aranceles o impuestos de cualquier naturaleza en la tramitación de procedimientos judiciales y en la expedición de certificaciones gubernamentales. Esto **tiene el fin de que**

**las personas indigentes reciban toda la ayuda posible** para que cobren plena conciencia de sus derechos. Asimismo, surge de la propia Ley Núm. 122 que **la exención a Servicios Legales opera en todos los asuntos en que estuvieren interviniendo a favor de los indigentes y a beneficio de todo lo que fuere pertinente al desempeño de sus funciones.**

Además, y muy importante al caso que nos ocupa, al evaluar el expediente queda claro que el motivo que provocó que la señora Rivera Pacheco acudiera en búsqueda de ayuda a Servicios Legales fue inscribir el inmueble que representa su hogar. Este trámite comenzó con las solicitudes de las declaratorias de herederos de sus padres ante el Tribunal de Primera Instancia. Entiéndase que este asunto comenzó mediante intervención judicial. Una vez el Tribunal de Primera Instancia emitió las Resoluciones sobre las declaratorias de herederos, ello, dio paso a que se otorgara la *Escritura Núm. 16 sobre Adjudicación de bienes hereditarios y donación*. Entonces, y como última gestión, la señora Rivera Pacheco presentó ante el Registro de la Propiedad las instancias originadas por el licenciado Soto Rodríguez y la *Escritura Núm. 16 sobre Adjudicación de bienes hereditarios y donación*.

Nótese que todas estas gestiones dependen una de la otra, pues son conducentes a la consecución de una sola finalidad, a saber: lograr la inscripción del hogar de la señora Rivera Pacheco en el Registro de la Propiedad. A todas luces, el proceso ante el Registro de la Propiedad

es la conclusión del trámite que comenzó en el Tribunal de Primera Instancia. Entonces, cuál era la finalidad o con qué propósito acudió la señora Rivera Pacheco a Servicios Legales, si no fue lograr la inscripción registral de su propiedad.

En otras ocasiones, hemos resuelto que los requisitos de pago no aplican a las personas indigentes. Independientemente de que en este caso el trámite comenzó en los tribunales, queda claro que la señora Rivera Pacheco es indigente y por imperativo constitucional hemos reconocido que los indigentes se clasifican como exentos de pagos como el de aquí en controversia. Consecuentemente, ahora resolvemos que un indigente cualificado por Servicios Legales está exento del pago de aranceles de presentación e inscripción al Registro de la Propiedad.

Además, denegar la inscripción provocaría que Servicios Legales, por razón de su limitación presupuestaria, tuviera que ponderar dejar de ofrecer servicios sobre los casos cuyos procesos pudiesen terminar con la presentación en el Registro de la Propiedad. No debemos perder de perspectiva que estas entidades son quienes absorben gran parte de la carga y llevan las riendas para que las poblaciones más vulnerables económicamente en Puerto Rico puedan vindicar su derecho de propiedad que en múltiples instancias es el único bien que poseen. Resulta

un contrasentido que se reconozca la insolvencia para unos fines y se ignore para otros más fundamentales.[42]

Así, al tocar las puertas del Registro de la Propiedad un cliente indigente de Servicios Legales no viene obligado a pagar los aranceles de presentación e inscripción cuando pretende inscribir la propiedad que fue el objeto de los servicios de esta particular corporación privada sin fines de lucro.

IV

Por los fundamentos antes expresados, se revoca la calificación de la Registradora de la Propiedad. Por consiguiente, se devuelve el asunto a la atención de la Registradora de la Propiedad para que proceda de conformidad con los procedimientos ulteriores conforme a esta Opinión.

Se dictará sentencia de conformidad.

Erick V. Kolthoff Caraballo
Juez Asociado

---

[42] Bucaré Management v. Arriaga García, *supra*, págs. 158-159.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

Servicios Legales de Puerto
Rico, Inc.; Ivette Yolanda
Rivera Pacheco

    Peticionarios

        v.

Hon. Vanessa López Ortiz,
Registradora de la Propiedad
Sección de San Juan V

    Recurrida

| RG-2020-6 | Recurso |
| Cons. con | Gubernativo |
| RG-2020-7 y | |
| RG-2020-8 | |

SENTENCIA

En San Juan, Puerto Rico, a 22 de febrero de 2023.

Por los fundamentos expuestos en la Opinión que antecede la cual se hace formar parte íntegra de la presente, se revoca la calificación de la Registradora de la Propiedad. Por consiguiente, se devuelve el asunto a la atención de la Registradora de la Propiedad para que proceda de conformidad con los procedimientos ulteriores conforme a esta Opinión.

Así lo pronunció, manda el Tribunal y certifica el Secretario del Tribunal Supremo.

Javier O. Sepúlveda Rodríguez
Secretario del Tribunal Supremo