ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL DE APELACIONES
PANEL V

| | | |
|---|---|---|
| LJUBINKA MARKOVIC<br><br>Apelada<br><br>v.<br><br>JOHN J. MELDON Y DIANA B. FITZGERALD<br><br>Apelantes | KLAN202400092 | *Apelación* procedente del Tribunal de Primera Instancia, Sala Superior de San Juan<br><br>Caso Núm.:<br>SJ2021CV02878<br><br>Sobre:<br>Desahucio, Cobro de Dinero |

Panel integrado por su presidente, el Juez Hernández Sánchez, la Jueza Romero García y la Jueza Martínez Cordero.

*Martínez Cordero, jueza ponente*

**SENTENCIA**

En San Juan, Puerto Rico, a 28 de febrero de 2024.

Comparece John J. Meldon y Diana B. FitzGerald (en adelante, apelantes) para solicitarnos la revisión de la *Sentencia Parcial* emitida el 28 de diciembre de 2023, notificada el 2 de enero de 2024.[1] Mediante la *Sentencia Parcial* apelada, el foro primario declaró Ha Lugar una solicitud de sentencia sumaria presentada por Ljubinka Markovic (en adelante apelada) y No Ha Lugar una solicitud de sentencia sumaria presentada por los apelantes. Además, dispuso que una vez adviniera final y firme la *Sentencia Parcial*, procedería a calendarizar una vista para disponer sobre la controversia de alegados daños sufridos por la parte apelada.

Por los fundamentos que expondremos, se *desestima* el recurso ante nos, por falta de jurisdicción.

I

El 12 de mayo de 2021, la apelada presentó una *Demanda* sobre desahucio y cobro de dinero.[2] En respuesta, los apelantes presentaron una *Contestación a Demanda y Reconvención.*[3]

---

[1] Apéndice del recurso, a las págs. 411-430.
[2] *Id.,* a las págs. 1-3.
[3] *Id.,* a las págs. 5-20.

Número Identificador

SEN2024_____

Conviene señalar que, mediante *Orden,* el foro primario convirtió el pleito de desahucio en un ordinario y autorizó la reconvención.[4] Luego, la apelada presentó una *Contestación a Reconvención y Defensas Afirmativas.*[5]

Así las cosas, la apelada presentó una *Solicitud de Autorización para presentar Demanda Enmendada.*[6] En su escrito solicitó que se le permitiera enmendar sus alegaciones para incluir otras causas de acción que tenía contra la parte apelante. Junto a la solicitud antes mencionada, acompañó como parte de los anejos, una *Demanda Enmendada.*[7] En respuesta, los apelantes presentaron su *Contestación a Demanda Enmendada.*[8]

Acaecidos varios trámites procesales innecesarios pormenorizar, tanto los apelantes como la apelada, presentaron una solicitud sentencia de sumaria, las cuales fueron posteriormente opuestas por la parte contraria. De ahí, el 28 de diciembre de 2023, notificada el 2 de enero de 2024, el foro primario emitió la *Sentencia Parcial* apelada.[9] En su *Sentencia Parcial,* el TPI declaró Ha Lugar la solicitud de sentencia sumaria presentada por la apelada y No Ha lugar la solicitud de sentencia sumaria presentada por los apelantes. Conviene señalar que la solicitud de sentencia sumaria presentada por la apelada estaba dirigida, en síntesis, a que se ordenara el desahucio de los apelantes. El foro apelado dispuso, además, que se calendarizaría la vista de daños alegados, una vez la sentencia emitida adviniese final y firme.

En desacuerdo, el 1 de febrero de 2024, los apelantes comparecieron mediante un recurso de *Apelación* en el cual esgrimieron la comisión de los siguientes dos (2) errores:

---

[4] Véase anejo a la *Moción en Cumplimiento de Orden* presentada ante esta Curia por la parte apelante el 23 de febrero de 2024.
[5] Apéndice del recurso, a las págs. 98-121.
[6] *Id.,* a las págs. 122-123.
[7] *Id.,* a las págs. 124-136.
[8] *Id.,* a las págs. 173-182.
[9] *Id.,* a las págs. 411-430.

I. Erró el TPI al interpretar la redacción del derecho de la Opción de Compra incluido en el Contrato de Arrendamiento y en la Escritura de Opción de Compra concluyendo que la notificación de ejercicio del derecho tenía que hacerse noventa (90) días antes de culminar el arrendamiento.

II. Erró el TPI al concluir que la notificación de ejercicio del derecho de opción no fue oportuna a pesar de que el Contrato de Arrendamiento se renovó por disposición de ley.

Así las cosas, mediante *Resolución* emitida el 5 de febrero de 2024, este Tribunal ordenó a la parte apelante a exponer las razones por las cuales el recurso no debía ser desestimado por prematuro, conforme a *ATPR v. SLG Volmar-Mathieu*, 196 DPR 5 (2016); es decir, por la sentencia dictada por el foro primario no haber impuesto la correspondiente fianza. En respuesta, el 9 de febrero de 2024, la parte apelante presentó una *Moción en Cumplimiento de Orden.* Por su parte, el 23 de febrero de 2024, la parte apelada presentó su réplica.

Considerados los escritos de las partes y el expediente ante nuestra consideración, procederemos a exponer el derecho aplicable.

II

**A. Recurso de Apelación**

La Regla 52.2 (a) de las Reglas de Procedimiento Civil,[10] dispone que los recursos de apelación tienen que presentarse dentro de un término jurisdiccional de treinta (30) días desde el archivo en autos de copia de la notificación de la sentencia recurrida. Como es conocido, un plazo jurisdiccional es de carácter fatal. Ello quiere decir que no admite justa causa, es improrrogable, y que su incumplimiento es insubsanable.[11] La correcta notificación de una sentencia es una característica imprescindible del debido proceso

---

[10] 32 LPRA Ap. V, R. 52.2 (a).
[11] *Martínez, Inc. v. Abijoe Realty Corp.*, 151 DPR 1, 7 (2000); *Arriaga v. FSE*, 145 DPR 122, 131 (1998); *Loperena Irizarry v. ELA*, 106 DPR 357, 360 (1977).

judicial.[12] Como corolario de lo anterior, la Regla 13(A) del Reglamento de este Tribunal establece que:

> Las apelaciones contra sentencias dictadas en casos civiles por el Tribunal de Primera Instancia, se presentarán dentro del término jurisdiccional de treinta días contados desde el archivo en autos de una copia de la notificación de la sentencia.
>
> En aquellos casos en que el Estado Libre Asociado de Puerto Rico, sus funcionarios y funcionarias, o una de sus instrumentalidades que no fuere una corporación pública, o en que los Municipios de Puerto Rico o sus funcionarios y funcionarias sean parte en un pleito, el recurso de apelación se formalizará, por cualquier parte en el pleito que haya sido perjudicada por la sentencia, presentando un escrito de apelación dentro del término jurisdiccional de sesenta días, contados desde el archivo en autos de una copia de la notificación de la sentencia dictada por el tribunal apelado. [13]

No obstante, el término de treinta (30) días para acudir en alzada puede quedar interrumpido mediante la presentación oportuna de una moción de reconsideración fundamentada.[14] En tal caso, el curso del término para apelar comienza a partir del archivo en autos copia de la notificación de la resolución que resuelve la moción.[15] Esto, a pesar de que se haya declarado la moción No Ha Lugar.

Es preciso destacar que en los procedimientos de desahucio sumario aplica el término dispuesto por Art. 629 del Código de Enjuiciamiento Civil,[16] el cual establece que la apelación deberá interponerse en el término de cinco (5) días, contados desde la fecha de archivo en autos de la notificación de la sentencia, por las partes perjudicadas por la misma. Sin embargo, si el procedimiento de desahucio fuese ordinario, la reclamación estará sujeta a las reglas de la litigación civil ordinaria, excluyéndose así la aplicación de la legislación especial que reglamenta el desahucio sumario y sus restringidos plazos y condiciones.[17]

---

[12] *Rodríguez Mora v. García Lloréns*, 147 DPR 305, 309 (1998).
[13] 4 LPRA Ap. XXII-B, R. 13 (A).
[14] 32 LPRA Ap. V, R. 47.
[15] *Id.*
[16] 32 LPRA § 2831, Art. 629.
[17] *ATPR v. SLG Volmar-Mathieu*, 196 DPR 5, 10 (2016).

**A. La fianza en apelación y la falta de jurisdicción**

La acción de desahucio es el medio que tiene el dueño o dueña de un inmueble el cual se encuentra arrendado para recobrar judicialmente la posesión de éste mediante la expulsión del arrendatario que se mantiene en la propiedad sin el pagar canon correspondiente.[18] Este procedimiento está regulado por los Arts. 620-634 del Código de Enjuiciamiento Civil.[19] En lo pertinente, el Art. 628 del referido estatuto establece que en los juicios de desahucio, la parte contra la cual recaiga sentencia podrá apelar la misma conforme a lo dispuesto en la Ley de la Judicatura de 2003.[20] A esos efectos, no se admitirá al demandado el recurso de apelación si no otorga fianza, por el monto que sea fijado por el tribunal para responder de los daños y perjuicios que pueda ocasionar al demandante y de las costas de apelación.[21]

Cónsono con lo anterior, en nuestro ordenamiento jurídico se ha establecido que el deber de fijar fianza en la apelación en los procedimientos de desahucio quedó establecido con la Ley 378-2000, la cual enmendó el Art. 630 del Código de Enjuiciamiento Civil para disponer que sea el Tribunal de Primera Instancia y no el Tribunal de Apelaciones quien determine la cuantía.[22] Esto, pues es ante el foro de primera instancia que desfila la prueba necesaria para evaluar de forma más completa y precisa el posible daño que se busca cubrir.[23]

Asimismo, el Tribunal Supremo de Puerto Rico ha reiterado que la prestación de una fianza es un requisito jurisdiccional en todo tipo de pleito de desahucio, aun si no se funda en la falta de pago.[24] No obstante, aquellos demandados que han sido reconocido por el

---

[18] *SLG Ortiz Mateo v. ELA*, 211 DPR 772, 799 (2023).
[19] 32 LPRA § 2821-2838, Arts. 620-634.
[20] 32 LPRA § 2830, Art. 628.
[21] 32 LPRA § 2832, Art. 630.
[22] *ATPR v. SLG Volmar-Mathieu, supra,* 12.
[23] *Íd.*
[24] *Crespo Quiñones v. Santiago Velázquez,* 176 DPR 408, 413 (2009).

tribunal como insolventes estarán exentos de cumplir con este requisito.[25] Por otro lado, si el tribunal omite fijar el monto de la fianza en la sentencia, esto tendría el efecto de que dicho dictamen no sería final dado a la falta de un elemento fundamental requerido por ley y, por consiguiente, los términos para apelar no empezarían a transcurrir hasta tanto se establezca la cuantía o se exima al demandado de prestar la fianza.[26]

Ahora bien, si el demandado que viene obligado a prestar la fianza no lo hiciera, ni tampoco consignara los cánones adeudados cuando el desahucio se funde en la falta de pago, el Tribunal de Apelaciones no adquiere jurisdicción para atender el recurso de apelación.[27] En ese caso, el foro intermedio podrá desestimar el recurso, a iniciativa propia, a tono con la Regla 83(C) del Reglamento del Tribunal de Apelaciones,[28] ya que carecería de jurisdicción.

### III

En el presente recurso, como cuestión de umbral, le corresponde a este Tribunal revisor auscultar su propia jurisdicción para entender en el mismo. En el caso de autos el TPI dictó una *Sentencia Parcial* mediante la cual, en lo pertinente, declaró Ha Lugar la solicitud de sentencia sumaria presentada por la parte apelada. Es de ver que, aun cuando ni propia ni claramente surge del dictamen apelado, al examinar la súplica contenida en la aludida solicitud de sentencia sumaria, lo que se solicitó fue el [desahucio] de los apelantes. Lo anterior, fue solicitado tal y como reza una de las causas de acción de la *Demanda* instada en este caso, solicitud que juzgamos, conforme a la *Sentencia Parcial* apelada, fue concedida.

---

[25] *Bucaré Management v. Arriaga García,* 125 DPR 153, 158-159 (1990).
[26] *ATPR v. SLG Volmar-Mathieu, supra,* 15.
[27] Crespo Quiñones v. Santiago Velázquez, *supra,* 414.
[28] 4 LPRA Ap. XXII-B, R. 83 (C).

Sin embargo, aun con lo anterior, pudimos constatar que el foro primario no fijó en su *Sentencia Parcial,* el monto de la fianza en apelación ni tampoco dispuso eximir del pago de fianza. Sabido es que en los casos de desahucio es necesario que el foro primario fije una fianza, la cual es un elemento fundamental requerido por ley para que dicho dictamen sea considerado final.[29] Esta omisión no nos lleva a otra conclusión que no sea que la *Sentencia Parcial* no es susceptible de ser revisada por este Tribunal, al menos en estos momentos, por falta de jurisdicción. Tras no haberse dispuesto sobre la fianza en apelación ni haberse eximido del pago de la misma, el término jurisdiccional para presentar un recurso de apelación no ha comenzado a decursar. Puntualizamos que el Alto Foro ha reiterado que la prestación de una fianza es un requisito jurisdiccional en todo tipo de pleito de desahucio, aun si no se funda en la falta de pago.[30] Es por todo lo anterior, que el recurso instado por los apelantes es uno prematuro. Lo anterior no limita a que una vez quede superada la limitación aquí expresada, y mediante la correspondiente enmienda a la sentencia y su notificación, la parte que así lo interese pueda acudir en revisión judicial.

IV

Por los fundamentos que anteceden, se *desestima* el recurso de Apelación por falta de jurisdicción, debido a que fue presentado de forma prematura.

Lo acordó y manda el Tribunal, y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones

---

[29] *ATPR v. SLG Volmar-Mathieu, supra,* 15.
[30] *Crespo Quiñones v. Santiago Velázquez, supra.*