EL PUEBLO DE PUERTO RICO en interés del menor M.G.G., apelante.

*Número:* O-70-20    *Resuelto:* 11 de mayo de 1971

*Gilberto Gierbolini, Procurador General, Héctor R. Orlandi Gómez, Procurador General Auxiliar,* abogados de El Pueblo; *Jackie H. Santos, Felipe Cirino Colón, Fermín B. Arraiza, José B. Díaz Asencio y José Hamid Rivera,* abogados del menor M.G.G.

EL JUEZ ASOCIADO SEÑOR TORRES RIGUAL emitió la opinión del Tribunal.

■ Este es el caso de un niño incorregible—esto es, uno cuya conducta constituye una amenaza para la comunidad o para su propio bienestar—que llega en apelación a este Tribunal solicitando la revocación de la resolución de la Sala de Asuntos de Menores del tribunal de instancia declarándolo incurso de una falta, que de habérsele juzgado como adulto, constituiría un asesinato en primer grado.(¹) Al momento de los hechos, enero 7 de 1969, este menor contaba cerca de 17 años de edad y al día de hoy, cerca de 19 años.(²)

En un elaborado alegato para sostener su recurso, el apelante apunta y discute planteamientos trascendentales para los procedimientos de asuntos de menores ante el tribunal de instancia, tales como que no se le juzgó por un jurado imparcial en violación de la garantía constitucional del derecho a juicio por jurado, la inadmisibilidad de confesiones de menores en contravención a las doctrinas establecidas en *Escobedo* v. *Illinois*, 378 U.S. 478; *Miranda* v. *Arizona*, 384 U.S. 436; *Rivera Escuté* v. *Jefe Penitenciaría*, 92 D.P.R. 765 (1965), y la actuación del magistrado que presidió la vista de la querella en la doble capacidad de juez y fiscal. También el apelante impugnó la suficiencia y apreciación de la prueba y el que no se especificara en la sentencia los hechos pro-

---

(¹) El Art. 1 de la Ley de Menores, Ley Núm. 97 de 23 de junio de 1955, 34 L.P.R.A. sec. 2001, define "niño" como cualquier "persona menor de 18 años de edad o una persona que habiendo cumplido 18 años de edad sea llamada a responder por la infracción o tentativa de infracción de cualquier ley estatal o ordenanza municipal en tal infracción o tentativa de infracción incurrió dicha persona antes de haberse cumplido 18 años de edad." La Regla 1(h) de Procedimientos Para los Asuntos de Menores, Apéndice 34 L.P.R.A., define "Incorregible" como cualquier "menor cuyos padres, encargados o maestros no puedan controlarlos y constituye una amenaza para su bienestar o el de la comunidad." El inciso (g) de esta misma Regla define "Falta" como "la imputación que se haga en una querella a un menor por infracción o tentativa de infracción de cualquier ley estatal o ordenanza municipal o por estimársele incorregible."

(²) Su fecha de nacimiento es el 30 de junio de 1952.

bados ni se consignara separadamente las conclusiones de derecho.

■ No es necesario para la justa resolución de este caso considerar planteamientos que en esencia constituyen un ataque a la constitucionalidad de la Ley de Menores y a las Reglas de Procedimientos para Asuntos de Menores. Es bien conocida la norma de que los tribunales no deben abordar planteamientos de índole constitucional cuando se puede disponer del caso en armonía con los intereses del apelante y en consonancia con los mejores fines de la justicia.

El estudio que hemos hecho de los autos y de los alegatos de las partes nos convence de que se logra los mejores fines de la justicia, a la vez que se satisfacen los intereses del apelante, dejando sin efecto los procedimientos efectuados ante la Sala de Asuntos de Menores y devolviendo el caso para que, a tenor con el Art. 4 de la Ley de Menores, 34 L.P.R.A. sec. 2004, ésta celebre una vista dándole oportunidad al apelante de mostrar causa por la cual no debe renunciar a su jurisdicción ni trasladar el caso a la Sala correspondiente del tribunal de instancia para que se tramite como si se tratara de un adulto.

El citado Art. 4 faculta a la Sala de Asuntos de Menores a renunciar su jurisdicción cuando, después de investigar el caso, concluya que entender en el mismo sería contrario al bienestar del menor o de la comunidad.[3] En esta deter-

---

[3] El Art. 4 de la Ley de Asuntos de Menores dispone:

*"Cuando se impute a una persona mayor de 16 años de edad y menor de 18 años de edad la infracción de una ley estatal, el juez, después de investigar el caso y concluir que entender en dicho asunto bajo las disposiciones de las secs. 2001 a 2015 de este título sería contrario al bienestar del menor o de la comunidad, podrá renunciar la jurisdicción del tribunal y darle traslado para que se tramite el caso como si se tratara de un adulto,* ante la Sala correspondiente del Tribunal de Primera Instancia. Ninguna resolución u orden dictada por el tribunal, o evidencia aducida en contra del menor ante este tribunal, podrá ser ofrecida ni admitida como medio de prueba en ningún otro caso civil o criminal, o en cualquier otro procedimiento judicial establecido con cualquier fin contra dicho menor." (Énfasis nuestro.)

minación entran en juego diversos factores relacionados con la naturaleza de los hechos imputados al menor y con la persona de éste y su historial. Con respecto a la naturaleza de los hechos imputados, es inescapable tomar en consideración la gravedad de los mismos—e.g. si se trata de hechos constitutivos de delito grave o menos grave, o de hechos que ni siquiera constituyan delito—y la forma en que éstos se realizaron—si mediante uso de armas prohibidas, la existencia o no de malicia, premeditación o deliberación. En cuanto al menor y su historial es necesario tomar en consideración el estudio social del menor, las evaluaciones siquiátricas y sicológicas que se le hayan hecho y la forma en que éste ha respondido o pueda responder a la libertad a prueba y a los servicios sociales del tribunal. Criterios más o menos similares a éstos aparecen expresados en el Apéndice a la Opinión del Tribunal en el caso de *Kent* v. *United States*, 383 U.S. 543, 565.

A la luz de estos factores veamos ahora los hechos pertinentes del presente caso.

Los autos de este caso revelan que para el 29 de febrero de 1968 la Sala de Asuntos de Menores del tribunal de instancia ordenó que se presentara querella contra él a base de que:

". . . Desde hace aproximadamente cuatro meses viene presentando problemas de conducta, consistente en que no obedece ni respeta a su madre, se fuga del hogar a menudo, se pasa en compañía de una mujer de vida alegre, sale de su hogar sin permiso y regresa en altas horas de la madrugada, ha hecho uso de bebidas alcohólicas frecuentemente, asume posición agresiva contra su padre, no asiste a la escuela, se reúne con personas de dudosa reputación, en ocasiones ha llevado a su hogar dinero que no saben en donde lo saca. Debido a los problemas que éste presenta su padre no puede lidiar con él ni controlarlo."

El apelante admitió los hechos de esta querella. Se le declaró incorregible por resolución del 19 de marzo de 1968

dejándose la custodia a la madre con instrucciones de que el Oficial Probatorio Juvenil lo refiriera a la Clínica de Diagnóstico para las evaluaciones pertinentes.

A los tres meses de haberse decretado su incorregibilidad, incurrió el apelante en una falta de escalamiento en primer grado. Asistido de abogado, admitió los hechos. A base del Informe del Oficial Probatorio Juvenil, el 19 de agosto de 1968, el tribunal dispuso que la custodia del niño continuara en poder de su señora madre, bajo las mismas condiciones de prueba que se encontraba anteriormente.

Dos meses más tarde, el 18 de octubre de 1968, volvió el menor a incurrir en otra falta. Esta vez, fueron hechos que de ser juzgado como un adulto, constituirían un delito de acometimiento y agresión grave. La Oficial Probatorio Juvenil recomendó al tribunal que se le permitiera al apelante continuar en libertad a prueba como una última oportunidad. El 11 de diciembre de 1968 el tribunal lo declaró incurso en dicha falta y lo dejó a prueba por un período de 90 días, al finalizar del cual la Oficial Probatorio debería rendir un informe para evaluar la conducta y ajuste del niño.

El Informe de Evaluación Sicológica del 19 de diciembre de 1968 contiene las siguientes observaciones:

"Las pruebas de personalidad nos revelan que estamos trabajando con un joven que no presenta evidencia alguna de disturbios de tipo desintegrativo. Encontramos, sin embargo, *que estamos trabajando con un individuo marcadamente hostil y huraño, que manifiesta sentimientos de agresividad y de hostilidad, los cuales son fácilmente generados y expresados al nivel de acción.* Estos sentimientos están acompañados por controles internos muy pobres, lo cual nos sugiere la posibilidad de nuevas faltas . . . . *Creemos que este joven necesita una supervisión intensa y frecuente del Tribunal, ya que la posibilidad de nuevas faltas debe de tomarse en consideración."* (Énfasis nuestro.)

Días después de este informe se presentó otra querella contra el menor por hechos alegadamente cometidos el 7 de enero de 1969 los cuales constituían una falta de *asesinato*

*en primer grado.* Fue declarado incurso en dicha falta y ordenada su reclusión en una institución bajo la supervisión del Departamento de Servicios Sociales. Es ésta, precisamente, la adjudicación cuya revocación nos pide el menor apelante en este recurso.

Este historial pone de manifiesto que se trata de un menor "marcadamente hostil y huraño, que manifiesta sentimientos de agresividad y de hostilidad, los cuales son fácilmente generados y expresados al nivel de acción." También revela un patrón reincidente de conducta antisocial por parte del apelante que ha hecho ineficaz la libertad a prueba y los servicios sociales del Tribunal de Menores. Tales circunstancias, junto a la gravedad de la falta imputada, son determinantes en la renuncia de jurisdicción y traslado del caso, a menos que se aduzcan razones en contrario que en este momento desconocemos.

Es por eso, que creemos que se logra mejor los fines de la justicia devolviendo el caso para que la Sala de instancia celebre una vista dándole oportunidad al apelante de mostrar causa, si algunas tuviere, por la cual no debe renunciar a su jurisdicción.

Conviene anotar que el propio apelante planteó la renuncia de jurisdicción ante la Sala de Asuntos de Menores. Véase al efecto la pág. 58 del récord taquigráfico de la vista celebrada para determinar causa probable. También en su alegato ante nos insiste en la conveniencia de la renuncia de jurisdicción, arguyendo a la pág. 45:

"Al ocurrir los hechos en el presente caso M. . . . G. . . . G. . . . contaba diecisiete años de edad. Hubiese bastado una renuncia de jurisdicción por parte del tribunal Tutelar de Menores y M. . . . hubiese sido juzgado como adulto con todas las protecciones y garantías constitucionales de que gozan los adultos incluyendo el derecho a juicio por jurado.

Así pués, tenemos que en el presente bastaba una determinación del Tribunal de Menores para que mandatoriamente a

M. . . . le aprovechara a juicio por jurado sin que variasen ninguna de las circunstancias del caso; ni siquiera su edad de 17 años, es decir, que arbitrariamente se le concede a un menor de 17 años el derecho a ser juzgado por un jurado y a otro menor de 17 años en las mismas circunstancias puede negársele el mismo derecho meramente por no operar la determinación del Juez de Menores de renunciar la jurisdicción."

A los fines de acelerar los procedimientos evitando dilaciones innecesarias, es conveniente que aclaremos el alcance de la enmienda efectuada al Art. 4 por la Ley Núm. 94 de 26 de junio de 1964. Nos referimos a la disposición que preceptúa que:

"Ninguna . . . evidencia aducida en contra del menor ante este tribunal, podrá ser ofrecida ni admitida como medio de prueba en ningún otro caso civil o criminal, o en cualquier otro procedimiento judicial establecido con cualquier fin contra dicho menor."

■■■ Esta disposición no impide que la prueba aducida en la Sala de Asuntos de Menores se presente en el juicio correspondiente ante la Sala de lo Criminal del tribunal de instancia, una vez renunciada la jurisdicción. Por sus propios términos, dicha prohibición es aplicable solamente a *"otro"* caso o procedimiento civil o criminal que se siga contra el menor. No se aplica cuando se trata del *mismo caso* visto ante la Sala correspondiente, una vez medie la renuncia de la Sala de Asuntos de Menores. Si se aplicara el mismo caso, la renuncia de la Sala de Asuntos de Menores podría constituir una burla a la administración de justicia, ya que mediante la renuncia, cualquier proceso contra el menor por los mismos hechos ante la Sala de lo Criminal resultaría frustrado al no poderse presentar la prueba aducida en la vista de renuncia. (⁴) En dicha vista, generalmente, la Sala

---

(⁴) No nos referimos, por supuesto, a la defensa de doble exposición cuando ella procediere.

de Asuntos de Menores tiene que oir prueba tanto sobre los hechos imputados como sobre el menor y su historial. Las propias Reglas de Procedimiento para los Asuntos de Menores facilitan el ofrecimiento y admisión de evidencia aducida en la vista de renuncia. Al efecto, la Regla 13.2 dispone que con la orden dando traslado del caso a la Sala de lo Criminal se acompañará las *declaraciones, evidencia, documentos* y demás información en poder del juez, excepto aquella que las Reglas determinen que son de carácter confidencial. Las Reglas 7.2 y 11.3 declaran confidencial únicamente el estudio social y el expediente social del menor.

Dichas Reglas no tendrían sentido si las referidas disposiciones del Art. 4 tuvieran el efecto de prohibir la admisión de evidencia aducida en la vista para la renuncia de jurisdicción.

*Se dejará sin efecto la resolución recurrida y se devolverá el caso para ulteriores procedimientos consistentes con lo aquí expuesto.*