BUCARÉ MANAGEMENT, una división de BUCARÉ DEVELOPMENT CORPORATION, demandante y recurrida, *v.* MIGUEL ARRIAGA GARCÍA y su esposa GLADYS OCASIO, ambos por sí y en representación de la SOCIEDAD LEGAL DE GANANCIALES compuesta por ambos, demandados y recurrentes.

*Número:* MC-89-60      *Resuelto:* 16 de enero de 1990

*Eduardo A. Escribano Román,* de la *Corporación de Servicios Legales de Puerto Rico,* abogado de los recurrentes; *Enrique Umpierre Suárez* y *José Gerardo Cruz Arroyo,* del *Bufete Enrique Umpierre Suárez,* abogados de la recurrida.

EL JUEZ ASOCIADO SEÑOR ORTIZ emitió la opinión del Tribunal.

Este recurso nos da la oportunidad de resolver si un demandado en una acción de desahucio cuya probada insolvencia económica ha sido reconocida por el tribunal, según lo requiere y autoriza la Ley Núm. 6 de 26 de junio de 1980 en sus Arts. 623 y 635 (32 L.P.R.A. secs. 2824 y 2836), está exonerado de otorgar fianza o consignar el importe del precio de la deuda hasta la fecha de la sentencia como condición para poder instar un recurso de revisión ante nos o una apelación

ante el Tribunal Superior. Arts. 631 y 634 del Código de Enjuiciamiento Civil, 32 L.P.R.A. secs. 2832 y 2835.

Resolvemos en la afirmativa. Al así actuar, le impartimos un sentido lógico al procedimiento y le damos vigencia real a la intención legislativa que plasma la política pública de reconocerle un interés particular y otorgarle derechos distintos a los indigentes que están sujetos a una acción de desahucio.

## I

El recurso instado por la parte demandada cuestiona la orden emitida por el Tribunal Superior, Sala de Caguas, que le fija una fianza de treinta mil dólares ($30,000) como condición para presentar un recurso de revisión contra la sentencia que declaró con lugar la demanda de desahucio.

La orden del tribunal está fundada en los requisitos estatuidos en los Arts. 631 y 634 del Código de Enjuiciamiento Civil, *supra*, los cuales, respectivamente, disponen:

> No se admitirá al demandado el recurso de apelación si no otorga fianza, a satisfacción del tribunal, para responder de los daños y perjuicios que pueda ocasionar al demandante y de las costas de la apelación; pudiendo el demandado, cuando el desahucio se funde en falta de pago de las cantidades convenidas, a su elección, otorgar dicha fianza o consignar en secretaría, el importe del precio de la deuda hasta la fecha de la sentencia.
>
> . . . . . . . .
>
> En las apelaciones interpuestas en juicios establecidos por falta del pago del canon estipulado, será deber del demandado consignar en la secretaría del tribunal el importe de todos y cada uno de los arrendamientos que vayan venciendo u otorgar fianza, a satisfacción del tribunal, para responder del importe de todos y cada uno de dichos arrendamientos.

Por otra parte, la citada Ley Núm. 6 enmendó los Arts. 623 y 635, *supra*, para establecer que:

### Sec. 2824. Comienzo del juicio; fecha para la vista

Se promoverá el juicio por medio de demanda redactada conforme a lo prescrito para el juicio ordinario en el Código de Enjuiciamiento Civil y presentada aquélla, se mandará convocar [al] actor y al demandado para comparecencia que deberá celebrarse dentro de los diez (10) días siguientes a aquél en que se presente la reclamación.

Disponiéndose, que si en dicha vista quedare demostrado que el mandamiento es contra una familia de probada insolvencia económica, el Tribunal ordenará que se notifique a los Secretarios de los Departamentos de Servicios Sociales y de la Vivienda, con copia de la demanda de desahucio promovida. Estas agencias evaluarán la condición socioeconómica de la familia y le brindarán la ayuda social que esté justificada.

Además, rendirán un informe al Tribunal en el término improrrogable de treinta (30) días sobre las ayudas a que la familia tenga derecho, y cuáles se le habrán de proveer.

### Sec. 2836. Términos para el lanzamiento después de sentencia

La sentencia que declare con lugar la demanda de desahucio ordenará el lanzamiento del demandado dentro del término de veinte (20) días contados desde que dicha sentencia sea firme. Disponiéndose, que cuando se trate de desahucio de una casa destinada a habitación o vivienda de familia, o de personas que estén ocupando ilegalmente terrenos ajenos, el término para el lanzamiento será de cuarenta (40) días. En aquellos casos en que el Tribunal, de conformidad a lo dispuesto en la sec. 2828 de este título, haya determinado la insolvencia económica de la familia contra la cual procede el desahucio, se notificará con copia de la sentencia, luego de que ésta sea firme, a los Secretarios de los Departamentos de Servicios Sociales y de la Vivienda, para que estas agencias continúen brindando sus servicios a la familia afectada. En estos casos el término de cuarenta (40) días empezará a contarse a partir de la fecha de notificación. No se expedirá el mandamiento a que se refiere la sec. 2837 de este título hasta haberse cumplido con el anterior requisito.

No podrá verificarse el lanzamiento de ninguna familia de probada insolvencia económica a menos que esté presente al

momento de efectuarse el mismo un funcionario del Departamento de Servicios Sociales, designado por el Secretario de dicho Departamento, quien velará por la seguridad física y emocional de la familia desahuciada. El Alguacil de Tribunal coordinará la comparecencia de dicho funcionario con la oficina más cercana de la agencia al lugar donde se realice el desahucio.

Asumimos jurisdicción y emitimos la resolución siguiente:

Examinado el recurso de epígrafe, la parte demandante-recurrida tendrá hasta el 11 de octubre de 1989 para mostrar causa por la cual no debamos expedir el auto solicitado para revocar o modificar la orden recurrida por haber el tribunal de instancia abusado de su discreción al fijar, amparándose en el Art. 634 del Código de Enjuiciamiento Civil, 32 L.P.R.A. 2835, la fianza excesiva de $30,000.

En su comparecencia la recurrida deberá, además, fijar su posición sobre la solicitud de la parte demandada de que por haber sido reconocida por el tribunal de instancia como un litigante insolvente, se le exima totalmente del requisito de prestar fianza.

En auxilio de nuestra jurisdicción, el término para solicitar revisión de la sentencia queda interrumpido y se paralizan los procedimientos en instancia hasta que otra cosa disponga este Tribunal. Resolución del Tribunal Supremo de 29 de septiembre de 1989.

## II

La parte demandante compareció. Sorpresivamente sostiene que la fianza de treinta mil dólares ($30,000) no es excesiva. Su posición es insostenible.[1] La cantidad es tan ridículamente alta que hiere nuestra sensibilidad judicial. No sólo a este litigante le resulta imposible prestar una fianza tan excesiva, sino que de perpetuarse un enfoque tan restrictivo

---

[1] Al emitir la orden para mostrar causa pensamos que esa suma de dinero tan eleveda se debía a algún error mecanográfico al transcribir la orden. Aparentemente nos equivocamos ya que la demandante sostiene su razonabilidad.

se patrocina y autoriza un abuso del derecho. Así parece reconocerlo el arrendador. A fin de cuentas se allana a que se modifique la orden para que se consigne lo adeudado por concepto de los cánones de arrendamiento vencidos.

.En vista del resultado a que llegamos, es innecesario fijar directamente una suma razonable o devolver el caso a instancia para que haga esa determinación.

### III

En cuanto a si los insolventes deben estar exonerados, estamos ante una situación análoga a la que se expone en *Molina v. C.R.U.V.*, 114 D.P.R. 295, 297–298 (1983). Allí reconocimos el propósito legislativo de beneficiar a los litigantes insolventes. Resolvimos que:

> No tenemos que considerar la impugnación de las recurrentes de la validez constitucional de la aplicación a su caso del requisito de fianza, pues la interpretación del estatuto permite atender adecuadamente sus planteamientos. Al así disponer del asunto no hacemos mas que seguir la norma consistentemente reiterada por este Tribunal de no abordar cuestiones constitucionales cuando se puede resolver el caso en armonía con los criterios del recurrente y en consonancia con los mejores fines de la justicia. *Mari Bras* v. *Alcaide*, 100 D.P.R. 506, 513 (1972); *Pueblo ex rel. M.G.G.*, 99 D.P.R. 925, 927 (1971).

> Como se sabe, la Regla 69.5 de Procedimiento Civil tiene el propósito de garantizar a la parte victoriosa el pago de las costas, gastos y honorarios de abogado por el litigante no residente que ha perdido el pleito. *Práctica Procesal Puertorriqueña*, Vol. II, pág. 404. Debe notarse que la fianza no es requerida insoslayablemente en todo caso, sino que a tenor con la Regla 69.6 se dispensa de la misma al Estado Libre Asociado de Puerto Rico, a los cónyuges en pleitos de divorcios, de relaciones de familia o sobre bienes gananciales y en reclamaciones de alimentos. Esta dispensa selectiva sigue la tónica flexible de esencial justicia sentada en la Regla 56.3(2) con respecto a los aseguramientos de sentencia.

"Cuando se tratare de un litigante insolvente que estuviere expresamente exceptuado por ley para el pago de aranceles y derechos de radicación y a juicio del tribunal la demanda adujere hechos suficientes para establecer una causa de acción cuya probabilidad de triunfo fuere evidente o pudiere demostrarse, y hubiere motivos fundados para temer, previa vista al efecto, que de no obtenerse inmediatamente dicho remedio provisional, la sentencia que pudiera obtenerse resultaría académica porque no habría bienes sobre los cuales ejecutarla."

Ambas disposiciones tienen propósitos análogos en beneficio de litigantes insolventes que deben ser interpretadas de modo que garanticen una solución justa, rápida y económica, principio rector en la interpretación de las Reglas de Procedimiento Civil.

De lo anterior podemos razonablemente colegir la intención del legislador de abrir las puertas de los tribunales a los litigantes pobres. Es por eso que concluimos que en virtud de la Regla 56.3 un litigante indigente que vive fuera del país está exento de prestar fianza de extranjero, claro está, siempre que demuestre que su razón de pedir puede tener méritos.

En el caso ante nos el tribunal de instancia determinó que los recurrentes eran insolventes. La realidad es que si son insolventes no tienen la capacidad económica para otorgar una fianza o consignar los cánones adeudados.(2) De no ser exonerados se les estaría imponiendo una condición imposible de cumplir. (3)

El hecho de que al aprobar la Ley Núm. 6, *supra*, el legislador no enmendara también los Arts. 631 y 634, *supra*, no nos obliga a llegar a un resultado distinto. Ello evidentemente es un lapsus de su parte. No es lógico que se reco-

---

(2) El tribunal declaró con lugar la demanda fundada en la existencia de dos causales distintas: infracción a las condiciones del contrato de arrendamiento y falta de pago.

(3) El arrendador pretende en esta etapa cuestionar la determinación de insolvencia. No hay fundamento en los autos para alterar esa parte del dictamen.

nozca la insolvencia para unos fines y se le ignore para otros más fundamentales como el de tener disponible un recurso adecuado para impugnar la sentencia y sus fundamentos.

Resolvemos que los demandados están exentos de cumplir con los requisitos fijados en los Arts. 631 y 634 del Código de Enjuiciamiento Civil, *supra*.

*Se devolverá el caso para que continúen los procedimientos en forma, compatible con lo aquí expuesto.*