ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL DE APELACIONES
PANEL III

| ALBERTO RODRÍGUEZ AGRÓN<br><br>Parte Apelada<br><br><br>v.<br><br><br><br>MARILYN VELÁZQUEZ PEREA<br><br>Parte Apelante | KLAN202500447 | *Apelación,*<br>procedente del Tribunal de Primera Instancia, Sala Superior de Añasco<br><br>Caso Núm.:<br>AÑ2024CV00359<br><br><br>Sobre:<br>Desahucio en precario |

Panel integrado por su presidente, el Juez Candelaria Rosa, el Juez Salgado Schwarz y el Juez Monge Gómez.

Monge Gómez, Juez Ponente

**SENTENCIA**

En San Juan, Puerto Rico, a 20 de mayo de 2025.

Compareció ante este Tribunal la parte apelante, Sra. Marilyn Velázquez Perea (en adelante, "señora Velázquez Perea" o "Apelante"), mediante recurso de apelación presentado el 19 de mayo de 2025. Nos solicitó la revocación de la *Sentencia* emitida por el Tribunal de Primera Instancia, Sala Superior de Añasco (en adelante, "TPI"), el 3 de abril de 2025, notificada y archivada en autos el 7 de abril del mismo año.

Por los fundamentos que expondremos a continuación, se *desestima* el presente recurso por haberse presentado prematuramente.

**I.**

El presente caso inició con la presentación de una "**Demanda**" por parte del Sr. Alberto Rodríguez Agrón (en adelante, "señor Rodríguez Agrón) en contra de la Apelante, mediante la cual solicitó el desahucio de esta última de una propiedad ubicada en la Urbanización Valle Real del Municipio de Añasco. Tras varios trámites procesales, se celebró juicio el 1 de abril de 2025.

Luego de haber escuchado y aquilatado la prueba presentada, el 3 de abril de 2025, el TPI dictó la *Sentencia* apelada en la que declaró "Con Lugar" la "**Demanda**" que nos ocupa. En vista de lo anterior, ordenó el desahucio de la

señora Velázquez Perea de la aludida propiedad en un término de treinta (30) días. De dicha determinación no se desprende que el foro apelado hubiera impuesto una fianza, de conformidad con el Artículo 630 del Código de Enjuiciamiento Civil, 32 LPRA sec. 2832, o que hubiera efectuado una determinación de insolvencia.

Inconforme con dicha determinación, la Apelante presentó "**Moción en Solicitud de Reconsideración y/o Relevo de Sentencia conforme a la Regla 49.2 de Procedimiento [Civil]**". Evaluada dicha solicitud, así como la correspondiente oposición que radicó el señor Rodríguez Agrón, el foro *a quo* emitió *Orden* mediante la cual denegó la solicitud de reconsideración interpuesta. Aun insatisfecha, la señora Velázquez Perea presentó el recurso que nos ocupa y le imputó al TPI la comisión de los siguientes errores:

> ERRÓ EL TPI AL VIOLENTAR EL DEBIDO PROCESO DE LEY DE LA DEMANDADA.
>
> ERRÓ EL TPI AL ANOTARLE LA REBELDÍA A LA PARTE DEMANDADA, A PESAR DE HABER COMPARECIDO E INFORMADO SU SITUACIÓN CON LA BÚSQUEDA DE REPRESENTACIÓN LEGAL.
>
> ERRÓ EL TPI AL DECLARAR HA LUGAR LA DEMANDA DE DESAHUCIO, EXISTIENDO UNA COMUNIDAD DE BIENES ENTRE LAS PARTES.

**II.**

**A.**

La jurisdicción es el poder o autoridad que ostenta un tribunal para resolver los casos y las controversias que tiene ante sí. Cobra Acquisitions, LLC v. Municipio de Yabucoa *et al.*, 210 DPR 384, 394 (2022); Pueblo v. Ríos Nieves, 209 DPR 264, 273 (2022); Metro Senior v. AFV, 209 DPR 203, 208-209 (2022).

Reiteradamente, se ha expresado que los tribunales debemos ser celosos guardianes de nuestra jurisdicción y no tenemos discreción para asumir jurisdicción donde no la hay. Pueblo v. Ríos Nieves*, supra*, pág. 273*;* Pérez Soto v. Cantera Pérez, Inc., *et al.*, 188 DPR 98, 104-105 (2013). De igual manera, es conocido que la ausencia de jurisdicción no puede ser subsanada por las partes. Pueblo v. Ríos Nieves*, supra*, pág. 273. Por consiguiente, las cuestiones relacionadas a la jurisdicción de un tribunal son privilegiadas y deben atenderse y resolverse con preferencia a cualquier otra. Íd. Por ello, cuando un tribunal emite

una sentencia sin tener jurisdicción sobre las partes o la materia, su dictamen es uno inexistente o *ultravires.* Maldonado v. Junta de Planificación, 171 DPR 46, 55 (2007). Por ello, al carecer de jurisdicción o autoridad para considerar un recurso, lo único que procede en Derecho es la desestimación de la causa de acción. Romero Barceló v. E.L.A., 169 DPR 460, 470 (2006); Carattini v. Collazo Syst. Analysis, Inc., 158 DPR 345, 370 (2003).

En lo particular, una de las instancias en la que un foro adjudicativo carece de jurisdicción es cuando se presenta un recurso tardío o prematuro, toda vez que éste "adolece del grave e insubsanable defecto de privar de jurisdicción al tribunal al cual se recurre". Torres Alvarado v. Madera Atiles, 202 DPR 495, 501 (2019).

Cónsono con lo anterior, la Regla 83 (B)(1) y (C) del Reglamento de este Tribunal de Apelaciones dispone que una parte podrá solicitar, en cualquier momento, la desestimación de un recurso por razón de falta de jurisdicción. Regla 83 (B)(1) y (C) del Reglamento del Tribunal de Apelaciones, 4 LPRA Ap. XXII-B, R. 83 (B)(1) y (C). A su vez, nos faculta a que, *motu proprio* y en cualquier momento, desestimemos un recurso por no haberse perfeccionado conforme a la ley y a las reglas aplicables.   Regla 83 (C) del Reglamento del Tribunal de Apelaciones, 4 LPRA Ap. XXII-B, R. 83 (C).

**B.**

El Artículo 630 del Código de Enjuiciamiento Civil establece, en su parte pertinente, que "[n]o se admitirá al demandado el recurso de apelación si no otorga fianza, por el monto que sea fijado por el tribunal, para responder de los daños y perjuicios que pueda ocasionar al demandante y de las costas de apelación". 32 LPRA sec. 2832. A la luz de lo anterior, se ha resuelto que el requisito de prestar una fianza en apelación es jurisdiccional en todo tipo de pleito de desahucio, aun si no se fundamenta en falta de pago. Crespo Quiñones v. Santiago Velázquez, 176 DPR 408, 413 (2009). Sobre este particular, la fijación de dicha fianza le corresponde al Tribunal de Primera Instancia como un paso previo y jurisdiccional a la radicación del recurso de apelación. Íd., pág. 414. La única excepción reconocida lo es la insolvencia del demandado. Bucaré Management v. Arriaga García, 125 DPR 153, 158-159 (1990).

En atención a ello, el efecto de que el Tribunal no establezca el monto de la fianza en la sentencia implica que la misma no es final debido a la falta de un elemento fundamental requerido por ley. ATPR v. SLG Volmar-Mathieu, 196 DPR 5, 15 (2016).  En consecuencia, careciendo de finalidad el término jurisdiccional para apelar, dicho plazo no empieza a transcurrir hasta que el Tribunal de Primera Instancia establezca la cuantía de la fianza o, en la alternativa, exima al demandado de tener que prestar la misma. Íd.

**III.**

Conforme hemos adelantado, el TPI falló en establecer la cuantía de la fianza requerida para que la Apelante pudiera estar en posición de poder presentar el recurso de apelación de epígrafe. Tampoco efectuó una determinación de insolvencia que la eximiera de dicho requisito jurisdiccional. En otras palabras, ante la ausencia de un elemento fundamental requerido por ley, la *Sentencia* impugnada no es susceptible de apelación pues carecía del monto de la fianza que la señora Velázquez Perea debía prestar o de una determinación de insolvencia.

Debido a que una u otra alternativa constituyen un paso previo y jurisdiccional a la radicación del recurso de apelación que nos concierne, no tenemos otra opción en derecho que decretarnos sin autoridad en ley para entender en los méritos del caso de autos, pues la *Sentencia* apelada no es final y, por lo tanto, no ha comenzado a transcurrir el plazo jurisdiccional para presentar un recurso de apelación ante este Tribunal.

**IV.**

Por los fundamentos que anteceden, los cuales hacemos formar parte integral de la presente *Sentencia*, se *desestima* el recurso por su presentación prematura.

Lo acordó y manda el Tribunal, y lo certifica la Secretaria del Tribunal de Apelaciones.


Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones