Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL I

| | | |
|---|---|---|
| RAQUEL TORRES DE LA PAZ<br>JOSÉ JAVIER CARABALLO TORRES<br><br>RECURRIDOS<br><br>v<br><br>**CARMEN J. CARABALLO RODRÍGUEZ**, ET AL<br><br>PETICIONARIA | KLAN202500449 | *Apelación*, acogida como Certiorari procedente del Tribunal de Primera Instancia, Sala Superior de Fajardo<br><br>Caso Núm.<br>NSCI201700479<br><br>Sobre:<br>Desahucio en Precario, Acción Reivindicatoria y Cobro de Dinero |

Panel integrado por su presidente, el Juez Sánchez Ramos, el Juez Pagán Ocasio, y el Juez Rodríguez Flores.

Pagán Ocasio, juez ponente.

## SENTENCIA

En San Juan, Puerto Rico, a 24 de junio de 2025.

### I.

El 19 de mayo de 2025, la señora Carmen Caraballo Rodríguez, et als (la señora Caraballo Rodríguez o parte peticionaria) presentó, por derecho propio y de *forma pauperis*, ante nos el recurso de *Apelación* en el que solicitó que revoquemos la *Sentencia* emitida el 27 de marzo de 2025, notificada y archivada digitalmente el 1 de abril de 2025 por el Tribunal de Primera Instancia, Sala Superior de Fajardo (TPI o foro primario).[1] En el referido dictamen, el TPI resolvió que el inmueble en el que residía la parte peticionaria, le pertenecía a la señora Raquel Torres De La Paz y a José Javier Caraballo Torres (parte recurrida), siendo este último miembro de la Sucesión Caraballo Rodríguez, y, por tanto, procedía el desahucio de la parte peticionaria de dicho inmueble.

---

[1] Apéndice de la Apelación, págs. 49-55.

El 19 de mayo de 2025, la señora Caraballo Rodríguez radicó *Solicitud para que se exima de pago de arancel por razón de indigencia* en la que informó ser una litigante indigente y, por tanto, solicitó que se le exima del pago de aranceles.

La parte peticionaria no consignó la fianza en apelación impuesta por el TPI.

El 23 de mayo de 2025, emitimos una *Resolución* en la que resolvimos acoger el recurso como un auto de *certiorari* para cuestionar la razonabilidad de la fianza en apelación impuesta por el TPI. Además, determinamos que se mantendría el alfanumérico asignado por la Secretaria del Tribunal de Apelaciones. A su vez, le concedimos a la parte recurrida un término de cinco (5) días para que muestre causa por la cual no se debe expedir el auto de *certiorari* y modificar la fianza en apelación, reduciendo la misma.

El 12 de junio de 2025, la parte recurrida presentó una *Moción en cumplimiento de orden y solicitud de desestimación* en la que solicitó que desestimemos el presente recurso debido a que la parte peticionaria no era indigente y ante la falta de notificación a una de las partes en el litigio, la señora Keysha M. Caraballo Fuentes (señora Caraballo Fuentes).

El 16 de junio de 2025, emitimos una *Resolución* en la que le concedimos tres (3) días a la parte peticionaria para que nos informe si le notificó a la señora Caraballo Fuentes sobre la presentación del recurso intitulado "*Apelación*".

El 20 de junio de 2025, la señora Caraballo Rodríguez radicó una *Moción en cumplimiento* en la que presentó un documento firmado por la señora Caraballo Fuentes. En el referido documento, la señora Caraballo Fuentes acreditó que fue notificada acerca de la presentación del recurso intitulado "*Apelación*".

El 23 de junio de 2025, emitimos una *Resolución* en la que resolvimos, No Ha Lugar a la solicitud de desestimación.

Contando con el beneficio de la comparecencia de las partes, damos por perfeccionado el presente recurso, y, en adelante, pormenorizaremos los hechos procesales atinentes al recurso de *Apelación*, acogido como *Certiorari*.

**II.**

El caso de marras tuvo su génesis el 5 de marzo de 2010, cuando la señora Torres De La Paz presentó una *Demanda Enmendada* en la que argumentó que la parte peticionaria tomó la posesión de su propiedad sin su consentimiento.[2] Es menester señalar que, la señora Torres De La Paz incluyó como demandado al Departamento de la Vivienda del Gobierno de Puerto Rico. La señora Torres De La Paz alegó que adquirió la titularidad de la estructura en controversia debido a que construyó con el consentimiento del Departamento de la Vivienda del Gobierno de Puerto Rico el referido inmueble. La señora Torres De La Paz alegó que la edificación fue construida sin la aportación económica por parte de su pareja, el señor José G. Caraballo Rodríguez (señor Caraballo Rodríguez) hermano e hijo de las codemandadas, el cual falleció previo a la presentación de la referida *Demanda*. No obstante, la señora Torres De La Paz incluyó en el pleito a su hijo el señor José Caraballo Torres, fruto de su relación con el señor Caraballo Rodríguez.

En atención a la controversia ante nos, la señora Torres De La Paz alegó que la señora Caraballo Rodríguez no quería desocupar la propiedad puesto que esta argumentó que su madre, la señora Haydee Rodríguez De León, construyó el inmueble. Por tanto, la señora Torres De La Paz solicitó ante el TPI que ordenara el desahucio de la parte peticionaria y le pagara setenta y dos mil dólares ($72,000.00) en concepto de canon de arrendamiento por residir en el inmueble.

---

[2] Apéndice de la Apelación, págs. 1-5.

El 4 de abril de 2018, la señora Caraballo Rodríguez radicó una *Contestación a la Demanda* en la que alegó que la propiedad fue construida por su madre la señora Rodríguez De León y que esta reside en el referido inmueble desde el 2006, con el consentimiento de la señora Rodríguez De León.[3] En esa línea, arguyó que, como cuestión de hecho, la señora Torres De La Paz no era la dueña de la propiedad sino su madre, la señora Rodríguez De León. Incluso, le requirió al TPI que la señora Torres De La Paz presentara una fianza de no residente puesto que esta no residía en Puerto Rico. A su vez, solicitó que el TPI tomara conocimiento de la *Sentencia* previamente emitida por el foro primario (caso núm. N3CI2009-00437), en el que fue desestimada una causa de acción radicada por la señora Torres De La Paz debido a que no incluyó a una parte indispensable en el pleito.

Ese mismo día, la señora Rodríguez De León presentó una *Contestación a la Demanda Enmendada* en la que adujo que esta era la dueña y edificante de buena fe por más de treinta (30) años de la propiedad en cuestión.[4] Además, argumentó que la señora Torres De La Paz no tenía documentos que acreditaran su alegada titularidad. Al igual que la señora Caraballo Rodríguez, esta solicitó que el foro primario tomara conocimiento de la *Sentencia* emitida por el TPI (caso núm. N3CI2009-00437).

Ahora bien, trajo a nuestra atención en el recurso, que la parte peticionaria alegó que el señor Caraballo Rodríguez era hermano de la señora Caraballo Rodríguez e hijo de la señora Rodríguez De León. A su vez, argumentó que la señora Torres De La Paz no tenía vivienda y la señora Rodríguez De León le ofreció hospedaje a esta. Admitió que la señora Torres De La Paz y el señor Caraballo Rodríguez comenzaron a residir en otro inmueble denominado "el

---

[3] Íd., págs. 6-10.
[4] Íd., págs. 12-16.

rancho" que era parte del terreno en el que se ubicaba el inmueble en controversia. No obstante, con el paso del Huracán Hugo ambas propiedades sufrieron daños y los arreglos fueron pagados con el dinero de la señora Torres De La Paz y la señora Rodríguez De León. Sin embargo, entre junio de 1993 y agosto de 1993, la señora Torres De La Paz y el señor Caraballo Rodríguez abandonaron la propiedad para irse a vivir a los Estados Unidos.

El 7 de septiembre de 2018, notificada y archivada en autos el 13 de septiembre de 2018, el TPI emitió una *Sentencia Parcial* desestimando la causa de acción en contra del Departamento de la Vivienda.[5]

Tras diversos trámites procesales, el 25 de enero de 2024, las partes presentaron el *Informe de Conferencia con Antelación al Juicio Enmendado* en el que estipularon lo siguiente:

1. La Sra. Raquel Torres De La Paz y el Sr. José G. Caraballo Rodríguez nunca se casaron.
2. El Sr. José G. Caraballo Rodríguez falleció en el año 2002, dejando como sus únicos herederos a [la] Sra. Keisha Marie Caraballo Fuentes y José Javier Caraballo Torres.
3. Se estipula la autenticidad y admisibilidad de la carta de la Sra. Carmen Caraballo del 25 de mayo de 2012.
4. Se estipula que la Sra. Haydee Rodríguez obtuvo la titularidad de la Parcela 207-A de parte del Departamento de la Vivienda el día 11 de junio de 2011.[6]

El 27 de marzo de 2025, el TPI emitió una *Sentencia*, notificada el 1 de abril de 2025, en la que formuló veintitrés (23) determinaciones de hechos.[7]

Ante la prueba desfilada, el TPI resolvió que la propiedad en controversia fue construida por la señora Torres De La Paz y su pareja fallecida, el señor Caraballo Rodríguez. Asimismo, el foro primario concluyó que la señora Rodríguez De León no construyó la misma y que la señora Caraballo Rodríguez residía en esa propiedad sin el consentimiento de la señora Torres De La Paz.

---

[5] Íd., pág. 50.
[6] Íd., pág. 23.
[7] Íd., págs. 51-53.

Consecuentemente, declaró Ha Lugar la acción de desahucio presentada por la señora Torres De La Paz. Empero, el foro primario determinó que no procedía el cobro de un canon de arrendamiento ante la falta de un contrato de arrendamiento.

**Impuso una fianza en apelación de veinticinco mil dólares ($25,000.00)**.

El 9 de mayo de 2025, notificada el 12 de mayo de 2025, el TPI emitió una *Orden* en la que ordenó que se vuelva a notificar la *Sentencia* puesto que no fue notificada conforme la Regla 65.3 de Procedimiento Civil, 32 LPRA Ap. V, R. 65.3.[8]

El 12 de mayo de 2025, fue notificada la *Sentencia* emitida el 27 de marzo de 2025, conforme a la *Orden* previamente descrita.

Inconforme con la *Sentencia*, la parte peticionaria comparece ante nos e imputó los siguientes señalamientos de error:

> Primer error: Erró el Tribunal de Primera Instancia al ordenar el desahucio de una mujer que ha residido y cuidado del inmueble en controversia desde principios de la década de los noventa, como resultado de una deficiente evaluación sobre la suficiencia y valoración de la prueba presentada, la cual no fue adecuada para acreditar que la parte demandante ostentaba legítimamente la propiedad y posesión del bien, al punto de justificar la restitución de los derechos de posesión y disfrute.

> Segundo error: Erró el Tribunal de Primera Instancia al no adjudicar participación a la codemandada Haydee Rodríguez cuando la prueba sostuvo su aportación monetaria para la reconstrucción de la estructura.

En síntesis, la parte peticionaria argumentó que la señora Rodríguez De León era la propietaria y edificante de buena fe de dicho inmueble. Asimismo, debido a que no pudo presentar un testigo importante, el cual rebatía el hecho de que la señora Torres De La Paz era la dueña del inmueble, el TPI aplicó incorrectamente la Regla 304(5) de Evidencia de Puerto Rico, 32 LPRA Ap. VI, R. 304(5). A su vez, alegó que la señora Torres De La Paz no podía promover la acción de desahucio puesto que no rebatió la

---

[8] Íd., págs. 47-48.

presunción de que construyó la propiedad con el consentimiento del Departamento de la Vivienda. Además, la parte peticionaria adujo que no se incluyó en el pleito a los miembros de la Sucesión Caraballo Rodríguez. En fin, la parte peticionaria insistió en que la señora Torres De La Paz abandonó la propiedad y no mantuvo el uso y disfrute del inmueble en controversia.

**No consignó la fianza en apelación impuesta por el TPI.**

Por otro lado, el 12 de junio de 2025, la parte recurrida radicó una *Moción en cumplimiento de orden y solicitud de desestimación* en la que solicitó la desestimación del presente recurso en virtud de que la señora Caraballo Rodríguez no le notificó a la señora Caraballo Fuentes, siendo esta una parte en el pleito. Empero, esta Curia resolvió No Ha Lugar la solicitud de desestimación toda vez que la señora Caraballo Fuentes fue notificada acerca de la presentación de este recurso.

### III.

### A.

El auto de *certiorari* es un vehículo procesal discrecional que permite a un tribunal de mayor jerarquía revisar las determinaciones de un tribunal inferior. ***Medina Nazario v. McNeill Healthcare LLC,*** 194 DPR 723, 728 (2016). Es en esencia un recurso extraordinario por el cual se solicita a un tribunal de mayor jerarquía la corrección de un error cometido por el tribunal inferior. supra, pág. 729. Una característica distintiva del auto de *certiorari* es que se asienta en la discreción delegada al tribunal revisor para autorizar su expedición y adjudicación. ***IG Builders et al. v. BBVAPR***, 185 DPR 307, 338 (2012). No obstante, nuestra discreción debe ejercerse de manera razonable, y siempre procurar lograr una solución justa. ***Torres Martínez v. Torres Ghigliotty***, 175 DPR 83, 98 (2008).

La Regla 52.1 de Procedimiento Civil, 32 LPRA Ap. V, R. 52.1,

establece las instancias en las que el foro revisor posee autoridad para expedir el auto de certiorari sobre materia civil.[9] ***Scotiabank de Puerto Rico v. ZAF Corporation, et als.,*** 202 DPR 478 (2019). A su vez, dicha regla sufrió varios cambios fundamentales encaminados a evitar la revisión judicial de aquellas órdenes o resoluciones que dilataban innecesariamente el proceso pues pueden esperar a ser revisadas una vez culminado el mismo, uniendo su revisión al recurso de apelación. ***Medina Nazario v. McNeill Healthcare LLC,*** *supra*. En esa línea, el rol de este foro al atender recursos de *certiorari* descansa en la premisa de que es el foro de instancia quien está en mejor posición para resolver controversias interlocutorias y con el cuidado que debemos ejercer para no interrumpir injustificadamente el curso ordinario de los pleitos que se están ventilando en ese foro. ***Torres Martínez v. Torres Ghigliotty***, 175 DPR 83, 98 (2008).

Si el asunto comprendido en el recurso de *certiorari* está en una de las instancias establecidas en la Regla 52.1 de Procedimiento Civil, *supra*, entonces este foro ejerce un segundo escrutinio. Este se particulariza por la discreción que se le ha sido conferida al Tribunal de Apelaciones para expedir, autorizar y adjudicar en sus méritos el caso. Para poder ejercer de manera razonable y prudente

---

[9] Esta Regla dispone que:

> [....]
> El recurso de *certiorari* para revisar resoluciones u órdenes interlocutorias dictadas por el Tribunal de Primera Instancia, solamente será expedido por el Tribunal de Apelaciones cuando se recurra de una resolución u orden bajo las Reglas 56 y 57 o de la denegatoria de una moción de carácter dispositivo. No obstante, y por excepción a lo dispuesto anteriormente, el Tribunal de Apelaciones podrá revisar órdenes o resoluciones interlocutorias dictadas por el Tribunal de Primera Instancia cuando se recurra de decisiones sobre la admisibilidad de testigos de hechos o peritos esenciales, asuntos relativos a privilegios evidenciarios (sic), anotaciones de rebeldía, en casos de relaciones de familia, en casos que revistan interés público o en cualquier otra situación en la cual esperar a la apelación constituiría un fracaso irremediable de la justicia. Al denegar la expedición de un recurso de *certiorari* en estos casos, el Tribunal de Apelaciones no tiene que fundamentar su decisión.
> Cualquier otra resolución u orden interlocutoria expedida por el Tribunal de Primera Instancia podrá ser revisada en el recurso de apelación que se interponga contra la sentencia sujeto a lo dispuesto en la Regla 50 sobre los errores no perjudiciales.

la facultad discrecional concedida, la Regla 40 del Reglamento del Tribunal de Apelaciones, *supra,* R. 40, establece los criterios que debemos tener ante nuestra consideración al atender una solicitud de expedición de un auto de *certiorari.*[10]

**B.**

Todo demandado tiene la obligación jurisdiccional de prestar una fianza en apelación en una acción de desahucio, aunque no se fundare la falta de pago. ***Crespo Quiñones v. Santiago Velázquez***, 176 DPR 408, 413 (2009). El propósito de exigir una fianza cobija el pago de lo adeudado y los daños resultantes de mantener congelado el libre uso de la propiedad mientras se dilucida la apelación. ***Crespo Quiñones v. Santiago Velázquez***, supra, pág. 413-414. Ahora bien, se exceptúa del pago de una fianza en una acción de desahucio, ante una apelación, si se ha reconocido la insolvencia económica del litigante en el tribunal. ***Bucare Management v. Arriaga García***, 125 DPR 153, 154 (1990). Es decir, un demandado en una acción de desahucio cuya insolvencia económica ha sido reconocida, está exonerado de pagar una fianza como condición para instar un recurso de apelación. ***Bucare Management v. Arriaga García***, supra, pág. 154. Ello, debido a que, si el litigante es insolvente, no tiene capacidad económica para pagar una fianza. ***Bucare Management v. Arriaga García***, supra, pág. 158. De no ser exonerados se le estaría imponiendo una condición imposible de

---

[10] Esta Regla dispone lo siguiente:

El Tribunal tomará en consideración los siguientes criterios al determinar la expedición de un auto de *certiorari* o de una orden de mostrar causa:

(A) Si el remedio y la disposición de la decisión recurrida, a diferencia de sus fundamentos, son contrarios a derecho.

(B) Si la situación de hechos planteada es la más indicada para el análisis del problema.

(C) Si ha mediado prejuicio, parcialidad o error craso y manifiesto en la apreciación de la prueba por el Tribunal de Primera Instancia.

(D) Si el asunto planteado exige consideración más detenida a la luz de los autos originales, los cuales deberán ser elevados, o de alegatos más elaborados.

(E) Si la etapa del procedimiento en que se presenta el caso es la más propicia para su consideración.

cumplir. Íd. La fianza tiene que otorgarse dentro del término para apelar. ***Crespo Quiñones v. Santiago Velázquez***, supra, pág. 414.

**IV.**

En el caso de marras, el TPI resolvió que la señora Rodríguez De León no demostró con prueba documental y testifical que era la dueña y poseedora de la propiedad en controversia. Por otro lado, el foro primario decretó que la señora Caraballo Rodríguez residía en el inmueble sin el consentimiento de la señora Torres De La Paz. Ante ello, el foro primario resolvió que la dueña de la propiedad en controversia era la señora Torres De La Paz. A su vez, determinó que procedía desahuciar a la señora Caraballo Rodríguez de la propiedad y **le impuso a esta una fianza en apelación de veinticinco mil dólares ($25,000.00).**

La parte peticionaria reconoce que no se consignó la fianza en apelación impuesta.

El 12 de junio de 2025, la parte recurrida presentó una *Moción en cumplimiento de orden y solicitud de desestimación* en la que solicitó la desestimación del recurso puesto que la señora Caraballo Rodríguez, no le notificó a la señora Caraballo Fuentes, quién fue parte en el pleito, acerca de la presentación del recurso intitulado "*Apelación*". No obstante, la parte peticionaria acreditó que la señora Caraballo Fuentes fue debidamente notificada acerca de la radicación de presente recurso.

Tras un análisis objetivo, sereno y cuidadoso del expediente, en correcta práctica adjudicativa apelativa, a la luz de los criterios esbozados en la Regla 52.1 de Procedimiento Civil, *supra*, y en la Regla 40 del Reglamento del Tribunal de Apelaciones, *supra*, resolvemos que procede expedir el auto de *certiorari* y ejercer nuestra función revisora en cuanto a la cuantía de la fianza impuesta.

Según las normas jurídicas pormenorizadas, en una acción de desahucio, todo demandado tiene la obligación de prestar una fianza

en apelación. Empero, si se ha reconocido la insolvencia económica de un litigante indigente, este está exceptuado de pagar la fianza impuesta. Dada las particularidades del presente caso, resolvemos que, la fianza en apelación impuesta por el TPI resulta excesiva. Surge de los documentos ante nos que la peticionaria no tiene la capacidad económica para prestar una fianza tan alta. El TPI no justifica las bases fácticas para imponer dicha suma. La señora Caraballo Rodríguez ha traído a nuestra atención, con prueba documental, que carece de los recursos económicos para poder prestar una fianza de veinticinco mil dólares ($25,000.00).

Por todo lo anterior, resulta menester intervenir debido a que la disposición de la *Sentencia* recurrida, en cuanto a la fianza impuesta, es contraria a derecho ante la imposición de una fianza excesiva a una litigante que no la puede pagar. Por lo cual, procede expedir el auto de *certiorari* y, por los fundamentos pormenorizados, modificar la fianza impuesta.

Dada las particularidades de este caso, se modifica la fianza en apelación impuesta. A partir del envío del mandato, comenzará a decursar un nuevo término para apelar, sujeto a que se pague la nueva fianza.

**V.**

Por los fundamentos pormenorizados, se expide el auto de *certiorari*, se modifica la fianza en apelación. Se reduce la cuantía de la fianza a mil dólares ($1,000.00) y devolvemos el caso ante el TPI para que se actúe conforme a lo aquí resuelto.

Lo acordó el Tribunal y lo certifica la Secretaría del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones