Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL I

| DAVID ENRIQUE LEY LOUBRIEL, AMELIA CAICEDO SANTIAGO Parte Apelada | KLAN202500319 | Apelación procedente del Tribunal de Primera Instancia, Sala de Guaynabo |
| --- | --- | --- |
| v. | | Civil Núm.: GB2025CV00231 |
| CATHERINE HAMILTON, LUCÍA HAMILTON Parte Apelante | | Sobre: Desahucio |

Panel integrado por su presidente, el Juez Sánchez Ramos, el Juez Pagán Ocasio y el Juez Rodríguez Flores.

Rodríguez Flores, juez ponente.

## RESOLUCIÓN

En San Juan, Puerto Rico, a 29 de mayo de 2025.

Comparece la Sra. Lucía Hamilton (Sra. Hamilton), representada por Servicios Legales Comunitarios, Inc., mediante *Solicitud de Apelación* instada el 14 de abril de 2025. Solicita que revoquemos parcialmente la *Sentencia* emitida el 4 de abril de 2025, y notificada el 7 de abril de 2025, por el Tribunal de Primera Instancia (TPI), Sala Superior de Guaynabo. Mediante el referido dictamen, el TPI declaró con lugar la demanda de desahucio incoada por el Sr. David Enrique Levy Loubriel y su esposa, la Lcda. Amelia Caicedo Santiago (en adelante, esposos Levy-Caicedo) y ordenó el desalojo de la propiedad objeto de la acción. Además, le impuso a la parte demandada una fianza en apelación de $5,000.00 y una partida de $2,000.00 por concepto de costas y honorarios de abogado.

En su recurso, la Sra. Hamilton solicita que se le releve del pago de la fianza en apelación y la sanción impuesta por razón de insolvencia. La Sra. Hamilton no cuestiona la orden de desalojo de la propiedad.

Examinada naturaleza del reclamo, en el que solamente se impugna la imposición de la fianza en apelación y no el decreto de desahucio, acogemos el recurso como uno de *certiorari*[1] y, examinado el mismo a la luz del derecho vigente, denegamos su expedición.

**I.**

El 18 de marzo de 2025, los esposos Levy-Caicedo presentaron una demanda amparada en el procedimiento sumario de desahucio en contra de la Sra. Caherine Hamilton y su hija, la Sra. Hamilton. Los esposos Levy Caicedo alegaron que son dueños del apartamento 705 del Condominio Parkville Plaza, localizado en Guaynabo, Puerto Rico; que el 29 de enero de 2017 suscribieron un contrato de arrendamiento con la Sra. Catherine Hamilton para que su hija, la Sra. Hamilton, ocupara la propiedad; que el contrato de arrendamiento venció; que la Sra. Hamilton permaneció en posesión del inmueble por virtud de la figura jurídica de tácita reconducción; que no ha mediado incumplimiento con los cánones de arrendamiento; que la Sra. Hamilton reside en la propiedad con su hijo menor de edad; que ésta ha hecho caso omiso a la solicitud de desalojo; y que, en aras de reforzar su interés en el desahucio, los demandantes rechazaron los pagos de febrero y marzo de 2025. Los esposos Levy-Caicedo solicitaron el desalojo de la propiedad y el pago de los cánones de arrendamiento vencidos. El TPI expidió el *Emplazamiento y Citación por Desahucio* el 21 de marzo de 2025. La Sra. Hamilton fue debidamente emplazada, no así la codemandada Catherine Hamilton.

La vista de desahucio se celebró el 2 de abril de 2025. Los esposos Levy-Caicedo comparecieron acompañados de representación legal. La codemandada Catherine Hamilton se

---

[1] Sin embargo, mantenemos la identificación alfanumérica original asignada por la Secretaría del Tribunal de Apelaciones.

sometió voluntariamente a la jurisdicción del tribunal, acompañada por su abogada. Por su parte, la codemandada Sra. Hamilton compareció a la vista representada por el Lcdo. Carlos Rivera De Jesús, del programa de Servicios Legales Comunitarios.

La prueba de los esposos Levy-Caicedo consistió en el testimonio de la Lcda. Amelia Caicedo Santiago. De otro lado, la parte demandada produjo el testimonio de la codemandada Sra. Hamilton.

Aquilatada la credibilidad de los testimonios ofrecidos, el 4 de abril de 2025, el TPI emitió la *Sentencia* apelada, cuya notificación enmendó el 10 de abril de 2025. En ella, el foro primario declaró con lugar la demanda de desahucio, ordenó el desalojo de la propiedad e impuso a la parte demandada una fianza en apelación de $5,000.00. Asimismo, realizó las siguientes determinaciones de hechos:

1. El Sr. David Levy Loubriel y la Lcda. Amelia Caicedo Santiago son los titulares del apartamento 705 del Condominio Parkville Plaza, sito en Guaynabo.

2. El 29 de enero de 2017, el señor Levy Loubriel y la licenciada Caicedo Muñiz suscribieron contrato de arrendamiento con el Sr. Jaime Hamilton Márquez y la Sra. Catherine Blackburn Hamilton. En virtud del contrato, arrendaron el apartamento 705 por el término de un año, a partir de febrero de 2017, por un canon mensual de $1,100.00.

3. Vencido el contrato, en 2022, el canon aumentó a $1,400.00 mensual.

4. La parte demandada nunca ha faltado a su obligación en el pago de los cánones de arrendamiento.

5. **La parte demandada es una familia de denotada solvencia económica, acreditada mediante el pago regular de cánones mensuales de $1,400.00**.

6. Desde el 2023 la parte demandante ha requerido el desalojo de su apartamento, mediante multiplicidad de comunicaciones, con resultados infructuosos.

7. En febrero de 2025, la parte demandante optó por no aceptar el pago del canon mensual, ante su deseo reiterado en recuperar el inmueble.

8. La parte demandada no ha desalojado el inmueble según requerido, por lo que quedan al descubierto las mensualidades correspondientes a los meses de febrero y marzo de 2025, más cualquier período ulterior hasta que se acredite la entrega o desalojo.

9. Al presente, no existe contrato vigente entre las partes.

10. La parte demandante se reafirma en su deseo de que se le haga entrega de su apartamento.

11. La codemandada Lucía Hamilton desea marcharse.[2]

El TPI concluyó que la codemandada Catherine Hamilton era responsable de pagar los cánones de arrendamiento hasta que se acreditara el desalojo de la propiedad. Sin embargo, toda vez que ésta había cumplido con el pago de dichos cánones de arrendamiento, y fueron los esposos Levy-Caicedo quienes habían devuelto los abonos, el TPI resolvió desestimar la causa de acción sobre cobro de dinero, sin perjuicio de que se pudiera incoar un pleito independiente de ocurrir el impago de las mensualidades.

Inconforme con la decisión, el 11 de abril de 2025, la Sra. Hamilton presentó una *Moción de comparecencia, regrabación de la vista & de relevo de sentencia*. En lo atinente, adujo que compareció al tribunal representada por el programa Servicios Legales Comunitarios, organización que ofrece servicios de representación legal a personas indigentes. Por lo anterior, solicitó al TPI que la eximiera de pagar la fianza en apelación y la sanción impuesta por razón de insolvencia.

El 14 de abril de 2025, el TPI dictó y notificó una *Resolución* en la que dispuso: "En cuanto a solicitud de relevo de sentencia, en puridad solicitud de reconsideración de sentencia de 4 de abril de 2025, nada que proveer. Una petición de reconsideración resulta incompatible con el proceso sumario de desahucio".[3]

---

[2] Apéndice el recurso, págs. 39-41, a las págs. 39-40. (Énfasis suplido).
[3] *Íd.,* pág. 60.

A su vez, inconforme con la *Sentencia* notificada el 10 de abril de 2025, la Sra. Hamilton acudió ante nos el 14 de abril de 2025, y apuntó que el TPI incurrió en los siguientes señalamientos de error:

> a. Erró el foro *a quo* y abusó en su discreción al imponer una fianza de $5,000.00 a una persona certificada como indigente por un programa subvencionado por el fondo de acceso a la justicia.
>
> b. Erró el foro *a quo* y abusó en su discreción al conceder $2,000.00 en honorarios de abogados a una persona de escasos recursos.

El 9 de mayo de 2025, los esposos Levy-Caicedo, comparecieron mediante *Alegato de la Parte Apelada en Oposición a la Apelación*. Solicitaron la desestimación del recurso por falta de jurisdicción, por éste haberse presentado sin que se cumpliera con el requisito jurisdiccional de prestar la fianza en apelación.

## II.

### A.

El *certiorari* es un recurso extraordinario mediante el cual un tribunal de superior jerarquía puede revisar, a su discreción, una decisión interlocutoria de un tribunal inferior.[4]

Ante un recurso de *certiorari* civil, tenemos que evaluar nuestra autoridad para expedir el mismo al amparo de la Regla 52.1 de Procedimiento Civil, 32 LPRA Ap. V.[5] Ésta dispone que, el recurso de *certiorari* para revisar resoluciones u órdenes interlocutorias dictadas por el Tribunal de Primera Instancia solamente se expedirá por el Tribunal de Apelaciones cuando se recurra de una orden o resolución bajo remedios provisionales de la Regla 56, *injunctions* de la Regla 57, o de la denegatoria de una moción de carácter dispositivo.

---

[4] *Caribbean Orthopedics v. Medshape et al.,* 207 DPR 994, 1004 (2021); *800 Ponce De León v. AIG,* 205 DPR 163, 174 (2020).
[5] *Caribbean Orthopedics v. Medshape et al.,* supra.; *Scotiabank v. ZAF Corp.*, 202 DPR 478, 486 (2019).

No obstante, y por excepción a lo dispuesto anteriormente, el foro apelativo podrá expedir el recurso cuando se recurre de decisiones sobre la admisibilidad de testigos de hechos o peritos esenciales, asuntos relativos a privilegios evidenciarios, anotaciones de rebeldía, casos de relaciones de familia, casos revestidos de interés público o cualquier otra situación, en la que esperar por una apelación constituiría un fracaso irremediable de la justicia. Según dispuesto en la Regla 52.1, *supra*, al denegar la expedición de un recurso de *certiorari*, el Tribunal de Apelaciones no tiene que fundamentar su decisión. *Íd.*

Superado dicho análisis, y aun cuando un asunto esté comprendido dentro de las materias que podemos revisar de conformidad con la Regla 52.1, *supra*, para poder ejercer debidamente nuestra facultad revisora es menester evaluar si, a la luz de los criterios enumerados en la Regla 40 de nuestro Reglamento, 4 LPRA Ap. XXII-B, R. 40, se justifica nuestra intervención. Estos criterios son:

A. Si el remedio y la disposición de la decisión recurrida, a diferencia de sus fundamentos, son contrarios a derecho.

B. Si la situación de hechos planteada es la más indicada para el análisis del problema.

C. Si ha mediado prejuicio, parcialidad o error craso y manifiesto en la apreciación de la prueba por el Tribunal de Primera Instancia.

D. Si el asunto planteado exige consideración más detenida a la luz de los autos originales, los cuales deberán ser elevados, o de alegatos más elaborados.

E. Si la etapa del procedimiento en que se presenta el caso es la más propicia para su consideración.

F. Si la expedición del auto o de la orden de mostrar causa no causa un fraccionamiento indebido del pleito y una dilación indeseable en la solución final del litigio.

G. Si la expedición del auto o de la orden de mostrar causa evita un fracaso de la justicia.

En fin, la Regla 52.1 de Procedimiento Civil, *supra*, enumera en forma taxativa aquellas instancias en las cuales el Tribunal de Apelaciones no acogerá una petición de *certiorari*, mientras que la Regla 40 del Reglamento del Tribunal de Apelaciones guía la discreción de este foro en aquellos asuntos en los que sí se permite entender, pero en los que los jueces ejercerán su discreción.[6]

Lo anterior impone a este Tribunal la obligación de ejercer prudentemente su juicio al intervenir con el discernimiento del foro de instancia, de forma que no se interrumpa injustificadamente el curso corriente de los casos ante ese foro.[7] Por tanto, de no estar presente ninguno de los criterios esbozados, procede abstenernos de expedir el auto solicitado para que continúen sin mayor dilación los procedimientos del caso ante el foro primario.

**B.**

El Tribunal Supremo ha establecido que los foros revisores no interfieren con las facultades discrecionales de los foros primarios, exceptuando aquellas circunstancias en las que se demuestre que éstos: (1) actuaron con prejuicio o parcialidad; (2) incurrieron en un craso abuso de discreción, o (3) se equivocaron en la interpretación o aplicación de cualquier norma procesal o de derecho sustantivo.[8] Además, se requiere que la intervención en esta etapa evite un perjuicio sustancial.[9]

La discreción judicial se define como "'una forma de razonabilidad aplicada al discernimiento judicial para llegar a una conclusión justiciera'".[10] El ejercicio de este discernimiento se encuentra estrechamente relacionado con el concepto de

---

[6] *Torres González v. Zaragosa Meléndez,* 211 DPR 821, 849 (2023).

[7] *Torres Martínez v. Torres Ghigliotty,* 175 DPR 83, 97 (2008).

[8] *Rivera et al. v. Arcos Dorados et al.,* supra, pág. 210; *Cruz Flores et al. v. Hosp. Ryder et al.*, 210 DPR 465, 497 (2022); *Rivera y otros v. Bco. Popular*, supra, pág. 155.

[9] *Lluch v. España Service Sta.*, 117 DPR 729, 745 (1986).

[10] *Rivera et al. v. Arcos Dorados et al.,* supra, citando a *Bco. Popular de P.R. v. Mun. de Aguadilla*, 144 DPR 651, 657–658 (1997).

razonabilidad.[11] Así pues, la discreción no implica que los tribunales puedan actuar de una forma u otra en abstracción del resto del derecho.[12]

El Tribunal Supremo ha expresado que un tribunal abusa de su discreción

> [...] cuando el juez no toma en cuenta e ignora en la decisión que emite, sin fundamento para ello, un hecho material importante que no podía ser pasado por alto; cuando el juez, por el contrario, sin justificación ni fundamento alguno, concede gran peso y valor a un hecho irrelevante e inmaterial y basa su decisión exclusivamente en éste, o cuando, no obstante considerar y tomar en cuenta todos los hechos materiales e importantes y descartar los irrelevantes, el juez los sopesa y calibra livianamente.[13]

## C.

El requisito que obliga a un demandado a prestar fianza en apelación es jurisdiccional en todo tipo de pleito de desahucio, aun si no se fundare en falta de pago.[14] Ello, pues, el propósito de exigir el pago de una fianza no es, únicamente, garantizar el pago adeudado, sino también los daños resultantes de mantener congelado el libre uso de la propiedad mientras se dilucida la apelación.[15] **Solo se exceptúa de la presentación de fianza a aquellos apelantes declarados insolventes por el TPI, a los fines de litigar libre de pago**.[16] Aparte de esa instancia, no se ha reconocido una excepción adicional al requisito de prestación de fianza o consignación de cánones adeudados para apelar una sentencia de desahucio.[17] La fianza tiene que otorgarse dentro del término para apelar.[18]

---

[11] *VS PR, LLC v. Drift-Wind*, 207 DPR 253, 272 (2021); *Rivera y otros v. Bco. Popular*, supra.
[12] *SLG Zapata-Rivera v. J.F. Montalvo*, 189 DPR 414, 435 (2013); *Bco. Popular de P.R. v. Mun. de Aguadilla*, supra, pág. 658.
[13] *SLG ZapataRivera v. J.F. Montalvo*, supra, citando a *Pueblo v. Rivera Santiago*, 176 DPR 559, 580 (2009)).
[14] *Crespo Quiñones v. Santiago Velázquez*, 176 DPR 408, 413 (2009).
[15] *Íd.*, págs. 413-414.
[16] *Bucaré Management v. Arriaga García*, 125 DPR 153, 158-159 (1990), citado en *Cooperativa v. Colón Lebrón*, 203 DPR 812, 820-821 (2020); *ATPR v. SLG Volmar-Mathieu*, 196 DPR 5, 15 (2016).
[17] *Acosta et al. v. S.L.G. Ghigliotti*, 186 DPR 984, 992 (2012).
[18] *Crespo Quiñones v. Santiago Velázquez*, supra, pág. 414.

**III.**

En su recurso, la Sra. Hamilton adujo que el TPI abusó de su discreción al imponer una fianza en apelación de $5,000.00 y el pago de honorarios de abogado a una persona certificada como indigente por el programa de Servicios Legales Comunitarios.

De la norma jurídica expuesta, surge que el Tribunal Supremo ha reconocido como excepción al requisito jurisdiccional de prestación de fianza para apelar una sentencia de desahucio aquellos casos en que el foro primario declara al demandado insolvente. El Tribunal Supremo ha establecido claramente que la declaración de insolvencia económica debe realizarla el tribunal.

De la revisión del expediente electrónico del caso CA2025CV00231 en el Sistema Unificado de Manejo de Casos (SUMAC) surge que, a pesar de que la Sra. Hamilton comparece representada por Servicios Legales Comunitarios, el TPI no realizó determinación de insolvencia alguna en cuanto a dicha codemandada. Por el contrario, el tribunal apelado específicamente determinó que "[l]a parte demandada es una familia de denotada solvencia económica, acreditada mediante el pago regular de cánones mensuales de $1,400.00". Además, de las determinaciones de hechos de la sentencia apelada se desprende claramente que la parte demandada -compuesta por la Sra. Hamilton y su madre- nunca faltó a su obligación de pagar los cánones de arrendamiento.

Por otro lado, nótese que el TPI tampoco ordenó la notificación de la sentencia de desahucio al Departamento de la Familia y al Departamento de Vivienda, según consignado en el Artículo 632 del Código de Enjuiciamiento Civil, 31 LPRA sec. 2836, para los casos en que el tribunal determine la insolvencia económica de la persona contra la cual procede el desahucio.[19]

---

[19] La citada disposición dispone que en aquellos casos donde el tribunal "haya determinado la insolvencia económica de la familia contra la cual procede el desahucio, se notificará con copia de la sentencia, inmediatamente, a los

En cuanto a los honorarios de abogado, las partes contratantes -esposos Levy-Caicedo y Catherine Hamilton- acordaron que el arrendatario respondería por las costas y honorarios de abogado en que incurriera el arrendador en el procedimiento judicial de desahucio.

En fin, del examen del expediente ante nuestra consideración, no encontramos que, en su determinación, el foro primario hubiera incurrido en un abuso de discreción o actuado con prejuicio o en fracaso de la justicia. Tampoco se demostró que el tribunal se hubiera equivocado en la interpretación o aplicación de una norma de derecho o que, intervenir en esta etapa, evitaría un perjuicio sustancial contra cualquiera de las partes. Procede, pues, denegar el recurso.

**IV.**

En virtud de lo anterior, denegamos la expedición del auto de *certiorari.*

Notifíquese.

Lo acuerda y manda el Tribunal, y lo certifica la Secretaria del Tribunal de Apelaciones.


Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones

---

Secretarios de los Departamentos de la Familia y de la Vivienda, para que estas agencias continúen brindando sus servicios a la familia afectada". *Íd.*