ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL DE APELACIONES
PANEL X

| | | |
|---|---|---|
| MONTEHIEDRA MEDICAL LLC, representada por David Martí Martínez<br><br>Apelante<br><br>v.<br><br>PR INVESTMENT GROUP LLC, representada por Antonio García<br><br>Apelado | TA2025AP00329 | Apelación procedente del Tribunal de Primera Instancia, Sala Superior de San Sebastián<br><br>Caso Núm.: AG2025CV00695<br><br>Sobre: Desahucio en Precario |

Panel integrado por su presidenta la Juez Grana Martínez, el Juez Ronda Del Toro y la Juez Lotti Rodríguez

**Ronda Del Toro, Juez Ponente**

# SENTENCIA NUNC PRO TUNC[1]

En San Juan, Puerto Rico, a 17 de septiembre de 2025.

Este recurso de Apelación se presenta el pasado martes 9 de septiembre de 2025, a las 10:19 pm, por la parte demandante ante el Tribunal de Primera Instancia, Sala de San Sebastián (en adelante TPI) y en esta se solicita la revisión de la Sentencia dictada en este caso denominado MONTEHIEDRA MEDICAL LLC VS. PR INVESTMENT GROUP LLC., Civil Núm. AG2025CV00695, sobre Desahucio en precario. Dicha Sentencia fue emitida el día 2 de septiembre de 2025, notificada y archivada en autos el mismo día 2 de septiembre de 2025 por el TPI. Oportunamente se presentó reconsideración y el 5 de septiembre de 2025, el TPI emite Resolución declarando No Ha Lugar la misma.

---

[1] Se emite Sentencia Enmendada Nunc Pro Tunc, únicamente a los efectos de corregir en el primer párrafo la parte apelante, de modo que exprese parte demandante.

Con la Apelación ante este foro no se presentó la Fianza requerida en la Sentencia Apelada.

Por los fundamentos que exponemos a continuación, desestimamos el recurso de *Apelación* por falta de jurisdicción.

**I.**

El martes 9 de septiembre de 2025, a las 10:19 pm, se presentó esta Apelación. En el apéndice a esta, ni como anejo a moción separada, no se incluyó la fianza en Apelación que se requiere en ese tipo de recurso.

En el recurso que aquí atendemos se solicita la revisión de la Sentencia dictada en este caso denominado MONTEHIEDRA MEDICAL LLC VS. PR INVESTMENT GROUP LLC., Civil Núm. AG2025CV00695, declarando No Ha Lugar el Desahucio en precario solicitado. Dicha Sentencia fue emitida el día 2 de septiembre de 2025, notificada y archivada en autos el mismo día 2 de septiembre de 2025 por el TPI. Contra dicha Sentencia se presentó oportunamente reconsideración y el 5 de septiembre de 2025, el TPI emite Resolución declarando No Ha Lugar la misma.

Ante ese No Ha Lugar, presentan esta Apelación como antes hemos indicado.

En este Apelación se presentan los siguientes errores:

1. Erró el Honorable Tribunal de Primera Instancia, Sala Superior de San Sebastián al Declarar NO HA LUGAR la Demanda radicada.

2. Erro el Honorable Tribunal de Primera Instancia, Sala Superior de San Sebastián al obviar la entrada número 42 en SUMAC, el cual es un Documento oficial del Estado Libre Asociado de Puerto Rico y no requiere autenticación.

3. Erro el Honorable Tribunal de Primera Instancia, Sala Superior de San Sebastián, quien, a pesar de haber tomado conocimiento judicial de los casos estrictamente relacionados al caso de autos, no tomarlos en consideración al momento de emitir su determinación.

La parte apelante presentó *Moción Informativa sobre Fianza Prestada*, el 10 de septiembre de 2025 a las 8:33 p.m. Como parte de sus anejos a esa Moción es que se notifica por la parte apelante, el día después de presentada la Apelación, que se adquirió una fianza que no incluyó con la Apelación hasta que presentó dicha moción el día después que radicó el recurso que aquí atendemos.

No surge de los autos que la fianza de Apelación se presentó ante algún Tribunal antes o el día que vencía la apelación.

Evaluados los escritos del caso, atenderemos como cuestión de prioridad el aspecto jurisdiccional.

**II.**

**A.**

En toda situación jurídica que se presente ante un foro adjudicativo, lo primero que se debe considerar es el aspecto jurisdiccional. Ruiz Camilo v. Trafon Group, Inc., 200 DPR 254, 268 (2018); Horizon v. Jta. Revisora, RA Holdings, 191 DPR 228, 233-234 (2014); Mun de San Sebastián v. QMC Telecom, 190 DPR 652 (2014).   La jurisdicción es el poder o autoridad que ostenta un tribunal para decidir casos o controversias. Peerles Oil v. Hnos. Torres Pérez, 186 DPR 239, 249 (2012); S.L.G. Solá-Moreno v. Bengoa Becerra, 182 DPR 675, 682 (2011).  Es norma reiterada que los tribunales debemos ser celosos guardianes de nuestra jurisdicción, por lo cual los asuntos relacionados con ésta son

privilegiados y deben atenderse con prioridad. <u>Torres Alvarado v. Madera Atiles</u>, 202 DPR 495, 500 (2019); <u>Ruiz Camilo v. Trafon Group, Inc.</u>, *supra*. De ese modo, si el tribunal no tiene jurisdicción, solo resta declararlo así y desestimar la reclamación sin entrar en los méritos de la controversia. <u>Torres Alvarado v. Madera Atiles</u>, *supra*; <u>Ruiz Camilo v. Trafon Group, Inc.</u>, *supra*.

Una apelación o un recurso prematuro, al igual que uno tardío, sencillamente adolece del grave e insubsanable defecto de privar de jurisdicción al tribunal al cual se recurre. <u>S.L.G. Szendrey-Ramos v. F. Castillo</u>, 169 DPR 873, 883 (2007). Así, la falta de jurisdicción de un tribunal para entender en un recurso es un defecto procesal insubsanable. <u>Carattini v. Collazo Syst. Analysis, Inc.</u>, 158 DPR 345, 370 (2003).

**B.**

El desahucio se rige por la ley especial, consignada en los artículos 620-634 del Código de Enjuiciamiento Civil, 32 LPRA secs. 2821-2838, según enmendados y que regulan el término, las condiciones para apelar y el posterior lanzamiento.

La acción de desahucio es el mecanismo que tiene el dueño o dueña de un inmueble para "recuperar la posesión de hecho de una propiedad, mediante el lanzamiento o expulsión del arrendatario o precarista que la detenta sin pagar canon o merced alguna." <u>Cooperativa v. Colón Lebrón</u>, 203 DPR 812, 820 (2020), que cita a <u>Fernández & Hno. v. Pérez</u>, 79 DPR 244, 247 (1956). A esos efectos, la acción de desahucio es un procedimiento de carácter sumario que responde al interés del Estado de atender con agilidad el reclamo de una persona dueña de un inmueble que ha sido impedido de ejercer su derecho a poseer y disfrutar del mismo. <u>Cooperativa v. Colón Lebrón</u>, *supra*; <u>ATPR v. SLG Volmar-Mathieu</u>, 196 DPR 5, 9 (2016).

El Artículo 628 del Código de Enjuiciamiento Civil, según enmendado dispone que "[e]n los juicios de desahucio la parte contra la cual recaiga sentencia podrá apelar la misma…". 32 LPRA 2830.   Conforme al Artículo 629, el término para apelar es el siguiente:

> Las apelaciones deberán interponerse en el término de cinco (5) días, contados desde la fecha de archivo en autos de la notificación de la sentencia, por las partes perjudicadas por la misma o sus abogados.

32 LPRA sec. 2831

Este recurso sólo se perfecciona sí, dentro del referido término, el demandado presta una fianza por el monto que sea fijado por el Tribunal de Primera Instancia, según lo dispone el Artículo 630 del Código de Enjuiciamiento civil, a saber:

> No se admitirá al demandado el recurso de apelación si no otorga fianza, por el monto que sea fijado por el tribunal, para responder de los daños y perjuicios que pueda ocasionar al demandante y de las costas de apelación; pudiendo el demandado, cuando el desahucio se funde en falta de pago de las cantidades convenidas, a su elección, otorgar dicha fianza o consignar en Secretaría el importe del precio de la deuda hasta la fecha de la sentencia. (énfasis nuestro)

32 LPRA sec. 2832

Respecto a la importancia de que el foro de primera instancia cumpla la obligación de fijar la cuantía de modo que el demandado pueda ejercer su derecho apelar, el Tribunal Supremo de Puerto Rico ha reiterado que:

> El requisito que obliga a un demandado a prestar una fianza en apelación es jurisdiccional en todo tipo de pleito de desahucio, aun si no se funda en la falta de pago. La razón es obvia: la fianza no existe para garantizar únicamente los pagos adeudados, sino también los daños resultantes de mantener congelado el libre uso de la propiedad mientras se dilucida la apelación. "Lo anterior aconseja que sea el Tribunal de Primera Instancia el foro que fije la fianza, como paso previo y jurisdiccional a la radicación del recurso de apelación". Crespo Quiñones v. Santiago Velázquez, 176 DPR 408, 413-414 (2009); ATPR v. SLG Volmar Mathieu, *supra*.

Ahora bien, aunque la prestación de fianza es un requisito jurisdiccional para apelar la sentencia de desahucio, el Tribunal Supremo ha reconocido como excepción, los casos en que el Tribunal de Primera Instancia declara al demandado insolvente. ATPR v. SLG Volmar Mathieu, *supra*; Bucaré Management v. Arriaga García, 125 DPR 153, 158-159 (1990).

Es deber del Tribunal de Primera Instancia fijar el monto de la fianza que el demandado debe otorgar o en la alternativa, eximirle de tener que prestar la fianza debido a su insolvencia. Véase ATPR v. SLG Volmar Mathieu, *supra*. A esos fines el Tribunal Supremo indicó que,

> [E]l efecto de que el tribunal no fije el monto de la fianza en la sentencia es que ésta no será final debido a la falta de un elemento fundamental requerido por ley. **En consecuencia, careciendo de finalidad el término jurisdiccional de cinco días para apelar no empieza a transcurrir hasta que el Tribunal de Primera Instancia establezca la cuantía o, en la alternativa, exima al demandado de tener que prestar la fianza.** (énfasis nuestro) ATPR v. SLG Volmar Mathieu, *supra.*

El Tribunal Supremo de Puerto Rico ha reiterado que el referido término de cinco (5) días no comenzará a transcurrir hasta tanto el Tribunal de Primera Instancia fije el monto de la fianza que debe otorgarse. Cooperativa v. Colón Lebrón, *supra*; ATPR v. SLG Volmar-Mathieu, *supra*, págs. 14-15.

Al no surgir de la sentencia del TPI ninguna determinación en cuanto a la fianza, procede devolver el asunto al foro de instancia para que enmiende la sentencia, a los fines de "fijar la fianza o, en la alternativa, determinar si los peticionarios están exentos de prestarla debido a su insolvencia." ATPR v. SLG Volmar Mathieu, *supra*. Hasta que ello no ocurra, "[e]l término jurisdiccional para apelar no comenzará a transcurrir […] y [se]

archive en autos copia de la notificación de la sentencia enmendada". *Íd.*

Así pues, una vez el Tribunal de Primera Instancia declare con lugar una demanda de desahucio, se podrá ordenar el lanzamiento de la parte demandada desde que la sentencia sea final y firme. 32 LPRA sec. 2836. En términos ordinarios, la sentencia será final y firme cuando transcurra el término de cinco (5) días sin que se haya presentado una apelación. Cooperativa v. Colón Lebrón, *supra.*

A tenor con la antes mencionada normativa, evaluamos.

**III.**

De un examen del expediente tenemos la realidad medular que nunca se presentó en los autos del caso, una fianza prestada antes de que venciera el término de la Apelación y ello priva a este Tribunal de evaluar en Apelación la sentencia aquí dictada.

Esa realidad surge de la historia y jurisprudencia de la Fianza en este tipo de Apelación.

La realidad es que carecemos de jurisdicción para atender la Apelación aquí incoada.

**IV.**

Por los fundamentos antes expuestos, desestimamos esta Apelación, pues carecemos de jurisdicción para atenderla.

Lo acordó y manda el Tribunal, y certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones